THE STATE OF OHIO, APPELLEE, *v.* EDWARDS, APPELLANT.

(No. 85AP-363 — Decided October 17, 1985.)

*Michael Miller,* prosecuting attorney, and *Karen L. Martin,* for appellee.

*James Kura,* county public defender, and *John W. Keeling,* for appellant.

MOYER, J. Defendant appeals his conviction of murder and his sentence of a mandatory term of fifteen years to life imprisonment on a jury verdict in the Court of Common Pleas of Franklin County.

The testimony at trial indicated that defendant was involved in an altercation on October 3, 1984, when he attempted to help two women unlock the door to their car in which their keys had been left. Two other men, one of them the victim, were also attempting to assist the women. Defendant and the victim argued over getting into the car after defendant had opened the door; the victim swung at defendant but missed; after being pulled apart, defendant then struck the victim in the eye; defendant told them he was going to "get my shit," went into a house and returned with a bannister railing; and, while the victim was standing near his car holding his eye, defendant "cracked him with a stick" on the same side of the face as the

struck eye. The blow to the victim was described as hard enough to lift the victim up off his feet. There was also testimony that defendant was going to strike the victim again if he had not been persuaded not to by the victim's mother and another witness.

The deputy coroner testified that the blow to the victim fractured his skull, which caused his death, and that the victim was struck with at least four hundred to seven hundred pounds per square inch of force or the equivalent of the impact received in an automobile accident at over thirty miles per hour.

There is also testimony that the victim, who was drinking at the time of the incident, became rowdy and liked to argue when he was drinking, and that the victim had gotten up after he was knocked down the first time and said that he was going to get something in his car to take care of defendant.

Defendant testified that the victim made a comment to defendant regarding defendant's knowledge regarding opening car doors; that he argued with defendant as he was trying to help; that he stated he was going to "down" defendant and swung at him twice; that the victim refused to let defendant leave after he had gotten the stick; that the victim was going to his car to get something; and that he hit the victim to get past him and defend himself. He also denied any intention to kill the victim. There was no evidence that the victim had a gun or a knife and defendant admitted that, while he thought the victim was going to get one, he did not have one at the time defendant struck the victim.

Defendant asserts the following two assignments of error in support of his appeal:

"1. The trial court erred by convicting the defendant of murder when the evidence as to the defendant's intent was entirely circumstantial and, as a matter of law, did not preclude the theory that the defendant was guilty of an offense less than murder.

"2. It was plain error to convict the defendant of murder when the evidence clearly showed that the defendant acted under the influence of sudden passion or rage brought on by serious provocation occasioned by the victim and, at most, supports only a voluntary manslaughter charge."

R.C. 2903.02(A), under which defendant was convicted, requires that the state show that defendant had a purpose to kill. "Purposely" is defined in R.C. 2901.22(A) as having a specific intention to cause a certain result. Defendant argues that the evidence upon which he was convicted was circumstantial and that it failed to exclude all reasonable theories of innocence as required for a conviction on circumstantial evidence. We disagree. The weight to be given the evidence and the credibility of witnesses were for the jury to determine in this case. *State* v. *Stockton* (Dec. 20, 1984), Franklin App. No. 84AP-506, unreported. A jury may presume an intention to kill where the natural and probable consequence of a defendant's act is to produce death and the jury may conclude from all of the surrounding circumstances that a defendant had an intention to kill. *State* v. *Robinson* (1954), 161 Ohio St. 213 [53 O.O. 96].

If the jury believed the witnesses who testified that defendant struck the victim when he was standing in the street holding his eye and did not believe defendant and defendant's mother, who testified that he was attempting to get away from the victim, the natural and probable consequence of defendant's action was the death of his victim and the jury did not err in concluding that defendant had an intent to kill, given the size of the instrument and the force with which the victim was struck. The jury verdict in this case did not violate the rule of *State* v. *Kulig* (1974), 37 Ohio St. 2d 157 [66 O.O.2d 351], and the first assignment of error is overruled.

To prevail on his second assignment of error, defendant must prove that the trial court's failure to charge the jury on lesser included offenses was plain error. Defendant consciously decided that he wanted the jury to receive instructions on murder only as a trial tactic. Defendant's counsel stated on the record that:

"* * * He [defendant] said that he's going to go for all the marbles, quote, unquote. I said, that's easy, I don't have to do the time. He said, I don't want it any other way. He wants to go on the indicted charge of what we refer to as simple murder or straight murder only."

Where a defendant fails to object during the course of a trial to the trial court's charge as a tactical decision, he cannot claim plain error under Crim. R. 52(B). *State* v. *Clayton* (1980), 62 Ohio St. 2d 45 [16 O.O.3d 35]. The second assignment of error is therefore overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and STERN, JJ., concur.

STERN, J., retired, of the Supreme Court of Ohio, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.