THE STATE OF OHIO, APPELLEE, *v.* JOHNS, APPELLANT.

(No. C-880388—Decided August 2, 1989.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *William E. Breyer* and *Paul R. Markgraf,* for appellee.

*Leona Durham,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County, Ohio.

Defendant-appellant Charles J. Johns appeals from the judgment of the Hamilton County Court of Common Pleas in which, following a jury trial, he was found not guilty of vandalism, but guilty of escape. For the reasons that follow, we reverse the judgment of the trial court.

The facts leading to Johns' indictments for escape and vandalism are not pertinent to the disposition of this appeal because the errors asserted by Johns occurred after the jury had received the case.

The record discloses that seventy minutes after the jury had retired to the jury room to commence its deliberations, the trial court returned the jury to the courtroom, during which proceeding the following occurred:

"THE COURT: Just stay seated, sir. Now * * *, the bailiff has given me a communication, [Jury Foreman], over your signature, sir, which reads in this fashion:

" 'We have two jurors who believe the defense has proven the defendant

was not guilty because of duress. [Ten] jurors believe he's guilty of escape. [All] 12 jurors agree he was not guilty of vandalism.' I read that communication accurately, did I not, sir?

"[JURY FOREMAN]: Yes, you did.

"THE COURT: Now, it appears that your jury has agreed upon a verdict on a charge of vandalism, your full jury is in agreement on that, is that correct?

"[JURY FOREMAN]: That's correct.

"THE COURT: I see a number of nods of the head affirmatively. And [Jury Foreman], the answer to that is yes. The bottom line or the significance of your earlier part of the communication is that your jury since it takes 12 to agree on a verdict, have not agreed on the other charge.

"You have not arrived at an effective verdict regardless of whatever the situation is if you're 10 to 2, you haven't arrived at an effective verdict.

"I have of course discussed this with counsel for both sides, and what I'm asking you to do Mr. Foreman, and ladies and gentlemen, is to go back and resume your deliberations on the remaining charge which you have not resolved, to wit, the escape, and continue to discuss and deliberate on it.

"It's my best judgment in consultation with counsel that we should give you a half an hour or so, at least a half an hour for further discussion on the escape charge, taking into consideration with the plea that has been entered.

"And if you have not arrived at a verdict at that time [Jury Foreman], and if your position is that in your best judgment the jury is unable to agree, you make that representation to us in open court I will give consideration to that.

"But we all want a further effort made to arrive at an effective verdict on the escape charge.

"You have not — I'm not saying this critically, but you have not arrived at a verdict on the escape charge and I want you to deliberate further on it, and unless counsel has anything further, I suggest, Mr. Foreman, that you of course retain the verdict form which the 12 have signed, and continue to deliberate and if after a period of time I do not hear from you with respect to the escape charge, then I'll summon you back in the courtroom and see what your evaluation is as to whether or not a jury can be, a verdict can be arrived at in the escape or whether it cannot.

"Is that clear, sir?

"JURY FOREMAN: Yes, sir.

"THE COURT: I don't like to encourage any further discussion because it isn't proper for us to have a discussion at this time. I just want to be sure that the things I've said are clear. [I]f they aren't clear —

"JURY FOREMAN: Could you repeat your instruction to the jury on the question of duress? Is that reasonable?

"THE COURT: Yes, I'm willing to do that. I assume counsel has no objection.

"Hearing none, I will repeat the instruction of the subject of duress."

The court then recharged the jury on the subject of duress without objection and returned the jury to the jury room with the supplemental instruction that, "* * * if there's nothing further and I assume there's not, I ask that you deliberate further and if you can conscientiously do so, attempt to arrive at an effective verdict on the escape charge."

Thirty minutes later, the jury returned to the courtroom and submitted its verdicts finding the appellant not guilty of vandalism, but guilty of escape. Following the discharge of the jury, the trial court sentenced the appellant as it appears of record.

From the judgment the appellant

brings this timely appeal in which he asserts the following four assignments of error[1]:

"The trial court erred in returning the jury for further deliberations without instructions necessary to secure to each of them the right to maintain his or her convictions.

"The trial court erred in forcing the jury to a verdict when the trial court knew the only probable verdict was finding of guilt.

"The trial court erred in placing a time limit on the jury's instructions.

"The trial court erred in removing from the jury a proper resolution of the matter in the form of a deadlock."

The first and second assignments will be addressed simultaneously because they both protest the trial court's supplemental instructions and comments to the jury, as well as its returning the jury for further deliberations.

In the recent case of *State* v. *Howard* (1989), 42 Ohio St. 3d 18, 537 N.E. 2d 188,[2] the jury informed the court that it could not reach a unanimous verdict in the afternoon of the first day of its deliberations. The trial judge, without objection, entered the jury room and gave the jury a supplemental instruction to the effect that the jurors must each decide the case on his or her behalf but that they should also consider the opinions of the other jurors.[3] Thereafter, the jury recessed for the evening, and resumed its deliberations the following day.

Two days later, the jury again indicated that a unanimous verdict could not be reached. The trial judge informed counsel that he intended to give the jury a version of the *Allen* charge. See *Allen* v. *United States* (1896), 164 U.S. 492. The court proceeded to give the *Allen* charge to the jury without objection, and returned the jury to continue its deliberations. The jury returned a verdict of guilty as charged one hour later.

On appeal of the trial court's dismissal of Howard's post-conviction claim of ineffective assistance of counsel, the court of appeals held that the second supplemental charge " 'so coerced and infected the process of jury deliberation so jealously revered in the law, that it constituted prejudicial error affecting * * * [Howard's] substantial rights to a fair and impartial jury and cannot be allowed to stand.' " *Howard, supra,* at 20, 537 N.E. 2d at 190. The court of appeals further held that counsel's failure to raise this matter on direct appeal constituted ineffective assistance of counsel.

The Ohio Supreme Court affirmed the judgment of the court of appeals, holding that the *Allen* charge affected the defendant's substantial right to a fair and impartial jury, and prevented the defendant from receiving a fair trial and substantial justice. *Howard, supra,* at 23, 537 N.E. 2d at 193. The court then promulgated a supplemen-

---

[1] The record discloses that the appellant filed a written plea of not guilty by reason of insanity on April 20, 1988. The record contains two entries appointing psychiatrists to examine the appellant pursuant to that plea. However, the matter was not broached at trial. Further, there is no indication within the record that the plea was withdrawn. The absence of a disposition of the not-guilty-by-reason-of-insanity plea is not assigned as error to this court. We, therefore, assume that the plea was abandoned by the appellant during the proceedings below.

[2] *Howard* was decided approximately eleven months after the trial of the cause *sub judice.*

[3] The Ohio Supreme Court observed that this initial supplemental charge was in substantial compliance with *State* v. *Maupin* (1975), 42 Ohio St. 2d 473, 71 O.O. 2d 485, 330 N.E. 2d 708. *Howard, supra,* at 19, 537 N.E. 2d at 189, fn. 1.

tal instruction based on the goals of avoiding the coercion that results from stressing that a jury must reach a verdict, of allowing the trial judge to remind the jury of its purpose to conscientiously agree, if possible, to a unanimous decision, and of presenting a balanced and neutral instruction to jurors that does not single out the minority members of the jury. *Id.* at 23-24, 537 N.E. 2d at 193.

Recognizing that *Howard* is to be applied prospectively, we still believe that the principle enunciated therein, that a criminal defendant has a substantial right to a fair and impartial jury, is universal in its application to American jurisprudence. Our review of the supplemental instruction in the cause *sub judice* leads us to conclude that the instruction coerced those jurors in the minority to surrender their honest conviction that the instant appellant was not guilty of the escape charge. We are convinced that, because the jury members knew the judge was aware of their ten-to-two alignment, his instruction to the jury that they had not reached an "effective verdict" and his return of the jury to its deliberations without any substantial reminder to the jury of its purpose to attempt to reach a verdict in good conscience presented an unbalanced and biased instruction that did, in fact, single out the minority members of the jury. The word "effective," in its common and ordinary usage, is defined as "[p]roducing or adapted to produce the *proper* result" (emphasis added), Funk & Wagnall's Standard Desk Dictionary (1975) 202, and has connotations of propriety or correctness. The term "effective," when used in conjunction with the term "verdict" in the judge's supplemental instructions, operated to coerce the jury's verdict, as being the "correct" verdict. The fact that the jury returned with a unanimous verdict on the escape charge within one-half hour after receiving the sup-

plemental instruction only serves to reinforce this conclusion.

We recognize that all trial courts are saddled with the burden of disposing of a great number of criminal cases within the time constraints prescribed by R.C. 2945.71. We also recognize that ten members of the instant jury were in favor of convicting the appellant of escape. Further, it is axiomatic that a criminal defendant is entitled to a fair trial, but not a perfect one. However, these concerns cannot serve to deprive this appellant of a fair and impartial jury.

It is disconcerting that appellant's trial counsel did not attempt to bring this matter to the trial court's attention prior to the jury's return to deliberations. The Ohio Supreme Court has previously stated that the failure to object to jury instructions at a time when an error could have been avoided or corrected by the trial court operates to waive consideration of the error on appeal. *State* v. *Williams* (1977), 51 Ohio St. 2d 112, 117, 5 O.O. 3d 98, 101, 364 N.E. 2d 1364, 1367. A majority of this court are of the opinion, however, that the trial counsel's failure to object to the trial court's supplemental instruction in the case *sub judice* did not waive such error for review by this court because the charge affects the substantial right of the appellant to a fair and impartial jury and constitutes plain error. As this court has previously observed:

"* * * [P]lain error may be identified as obvious error prejudicial to a defendant, neither objected to nor affirmatively waived by him, which involves a matter of great public interest having substantial adverse impact on the integrity of and the public's confidence in judicial proceedings. The error must be obvious on the records, palpable, and fundamental, and in ad-

dition it must occur in exceptional circumstances where the appellate court acts in the public interest because the error affects 'the fairness, integrity or public reputation of judicial proceedings.' * * * The interest to be advanced is 'the rule of law.' This is a govenment of laws and not of men, even judges." (Citation and footnotes omitted.) *State* v. *Craft* (1977), 52 Ohio App. 2d 1, 7, 6 O.O. 3d 1, 4, 367 N.E. 2d 1221, 1225-1226.

We therefore hold that the trial court erred when it delivered its supplemental charge to the jury, thereby fatally tainting the jury's subsequent guilty verdict on the escape charge. The appellant's first and second assignments of error are sustained.

In his third assignment of error, the appellant asserts that the trial court set a thirty-minute limit on the jury's deliberations and thereby impermissibly suggested and coerced the jury's guilty verdict. We do not find this argument to be persuasive.

As the record quoted above discloses, the trial judge merely suggested that the jury deliberate for approximately half an hour, and at the end of that time the matter of whether the jury was indeed deadlocked would be reconsidered. The judge's comments did not amount to setting a specific time limit with a promise to declare a mistrial at its expiration, as was done in *Goff* v. *United States* (C.A.10, 1971), 446 F. 2d 623. We find *Goff* to be distinguishable from the instant facts. Appellant's third assignment of error is overruled.

In his fourth assignment of error, the appellant claims that the trial judge's instruction to the jury to return to its deliberations and to reach "an effective verdict" after being informed that the jurors could not agree disregarded the fact that the jury was, at that point in time, deadlocked, and thereby negated the jury's "right to deadlock." We do not agree.

Although the potential for reaching a deadlock exists in every jury trial, we do not believe that such a point was reached in the cause *sub judice* after only approximately one hour of deliberations. To conclude that a deadlock could have occurred after such a brief time would place an intolerable burden on the trial courts by denying a trial judge's ability to encourage jurors to agree rather than deadlock and to urge a jury to make every reasonable effort to reach a verdict. *State* v. *Sabbah* (1982), 13 Ohio App. 3d 124, 138, 13 OBR 155, 170-171, 468 N.E. 2d 718, 733. We believe that the Ohio Supreme Court, in formulating the supplemental charge to be given juries in such instances, anticipated that it is proper to return a jury for further deliberations in order to encourage a verdict where one can conscientiously be reached. *Howard, supra,* at 25, 537 N.E. 2d at 194.[4] We therefore overrule appellant's fourth assignment of error.

Because the appellant's first and second assignments of error have been sustained, the judgment of the court of common pleas is reversed and this cause is remanded for further pro-

---

[4] See, also, 3 American Bar Association Standards for Criminal Justice (2 Ed. 1986) 15-133, Standard 15-4.4(b), quoted in *Howard, supra,* at 24, 537 N.E. 2d at 194, which states:

" 'If it appears to the court that the jury has been unable to agree, *the court may require the jury to continue their deliberations* and may give or repeat an instruction as provided in paragraph (a). The court shall not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.' " (Emphasis added.)

ceedings consistent with this decision and law.

*Judgment reversed
and cause remanded.*

DOAN, P.J., and HILDEBRANDT, J., concur.

GORMAN, J., dissents.

GORMAN, J., dissenting. I respectfully dissent from the majority because its conclusions are beyond the scope of *State* v. *Howard* (1989), 42 Ohio St. 3d 18, 537 N.E. 2d 188, and are not supported by the record.

In finding that the instructions given by the court and approved by counsel were coercive the majority acknowledges that the jury was not deadlocked. Neither the trial judge nor counsel contemplated any type of "Allen charge" before the jury was asked to resume deliberations, and in fact none was given.

Coercive supplemental instructions are those which exert pressure on the members in the minority to abandon their position in deference to the majority. In rejecting the traditional "Allen charge" because of its potential for coercion, the Supreme Court has adopted a two-step inquiry to determine the propriety of supplemental instructions given after a jury begins deliberations, but before it returns a verdict. The instructions satisfy that two-step test if they: (1) encourage a verdict if one can be conscientiously recorded, and (2) are balanced and request all jurors to reconsider their opinions in the light that others do not agree. *State* v. *Howard, supra,* at 25, 537 N.E. 2d at 194.

In resolving the fourth assignment of error in the case *sub judice,* the majority acknowledges that the trial court's supplemental instructions were restricted solely to asking the jury to continue its deliberations. This request was entirely proper and noncoercive. *State* v. *Maupin* (1975), 42 Ohio St. 2d 473, 71 O.O. 2d 485, 330 N.E. 2d 708. Approval of the practice is recognized by the ABA Standards. 3 American Bar Association Standards for Criminal Justice (2 Ed. 1986) 15-133, Standard 15-4.4(b). Therefore, unlike an "Allen charge," whether the supplemental instructions are neutral or balanced does not become an issue until such time as the trial court urges the minority to reconsider its views in the interest of arriving at a verdict.

Although the majority finds that the jury was not deadlocked, it maintains that the trial judge's reference to "effective verdict" was so coercive that it deprived the defendant of a fair and impartial jury. However, courts and texts occasionally describe verdicts as "effective."[5] *State* v. *Marbury* (Oct. 29, 1987), Cuyahoga App. No. 52848, unreported; *Citizens Savings Assn.* v. *Spittal* (Apr. 25, 1984), Summit App. No. 11522, unreported. The majority isolates a definition of "effective" from Funk & Wagnall's meaning "proper result," and then tries to conclude that use of "effective verdict" in the supplemental instructions implicitly subjected the minority to an atmosphere of coercion demonstrated when the jury returned within thirty minutes with a verdict. The more reasonable interpretation in context of the entire supplemental instruction is the trial court's message that the jury had not reached an "operative"[6] ver-

---

[5] "* * *The jury is merely an arm or instrumentality of the court, and it is the judgment of the court adopting the findings of the jury which breathes life and *effec-* *tiveness* into the jury's verdict." (Emphasis added.) 76 American Jurisprudence 2d (1975) 95, Trial, Section 1115.

[6] In Funk & Wagnall's Dictionary (In-

dict and should, therefore, continue to deliberate.

The majority goes on to suggest that reference to "effective verdict" would not have been error if the trial court had given a "substantial reminder to the jury of its purpose to attempt to reach a verdict in good *conscience.*" The trial court did exactly this. After reinstructing the jury from the general charge on duress as requested by the foreman, the trial judge concluded his remarks as follows:

"Now if there's nothing further and I assume there's not, I ask that you deliberate further and if you can conscientiously do so, attempt to arrive at an effective verdict on the escape charge.

"The jury may return and resume its deliberations."

What more could he have said?

Finally, in concluding that the supplemental instructions are not subject to Crim. R. 30(A), but rise to the level of plain error under Crim. R. 52(B), the majority goes beyond the holding in *Howard, supra,* in which the reversal was based on effective assistance of counsel grounds. Specifically, it conflicts with this court's analysis and holding in *State* v. *Bentz* (1981), 2 Ohio App. 3d 352, 357, 2 OBR 408, 413-414, 442 N.E. 2d 90, 95-96. The plain error rule should be applied cautiously and invoked only to prevent a clear miscarriage of justice. *State* v. *Underwood* (1983), 3 Ohio St. 3d 12, 3 OBR 360, 444 N.E. 2d 1332; *State* v. *Kersey* (May 11, 1988), Hamilton App. No. C-870362, unreported. As the record discloses, the prosecutor, defense counsel and the trial court discussed the proposed response to the jury's written communication. Apparently satisfied with the supplemental instructions, defense counsel did not object. This failure to object constituted, at worst, a tactical decision precluding an appeal upon the claim of plain error. *State* v. *Edwards* (1985), 26 Ohio App. 3d 199, 26 OBR 420, 499 N.E. 2d 352.

While I find no error in the trial court's supplemental instructions, the error designated by the majority does not constitute plain error, and the judgment should be affirmed.

ternational Ed. 1963), "effective" is a synonym for "operative."