The State of Ohio, Appellee, v. Edwards, Appellant.

[Cite as State v. Edwards (1995),    Ohio St. 3d    .]

<u>Appellate procedure -- Application for reopening appeal from judgment and</u>

      <u>conviction based on claim of ineffective assistance of appellate</u>

      <u>counsel -- Assistance denied when applicant fails to show good cause</u>

      <u>for failing to file his application within ninety days after</u>

      <u>journalization of the appellate judgment as required by App.R.</u>

      <u>26(B)(2)(b).</u>

(No. 95-654 -- Submitted June 21, 1995 -- Decided August 23, 1995.)

Appeal from the Court of Appeals for Franklin County, No. 85AP-363.

Appellant, Leroy Edwards, was convicted of murder and sentenced to a term of fifteen years to life imprisonment.  Appellant's conviction and sentence were affirmed by the court of appeals on October 17, 1985.  *State v. Edwards* (1985), 26 Ohio App.3d 199, 26 OBR 420, 499 N.E.2d 352.  We overruled Edwards' motion for leave to appeal and claimed appeal of right.

On September 19, 1994, Edwards filed with the court of appeals an application to reopen his appeal under App.R. 26(B), alleging ineffective

assistance of his appellate counsel. The court of appeals denied the application, finding that appellant had failed to establish good cause for not filing his application to reopen within ninety days from the journalization of the appellate judgment, as required by App.R. 26(B)(2)(b). In fact, nearly nine years passed after the journalization of the appellate judgment before appellant filed his application to reopen.

The court of appeals recognized that App. R. 26(B)(2)(b) did not become effective until July 1, 1993, and was therefore not applicable to appellant in 1985 when the court of appeals' affirmance of his conviction and sentence was journalized. However, after App. R. 26(B)(2)(b) became effective it was over one year before appellant filed his application to reopen. The court of appeals also noted that ignorance of procedure "absent some indication that defendant could not have discovered with reasonable effort the avenue for relief he now seeks to pursue" does not constitute good cause for untimely filing.

Appellant appeals the denial to this court.

_____

*Michael Miller,* Franklin County Prosecuting Attorney, and *Michael L. Collyer,* Assistant Prosecuting Attorney, for appellee.

*Leroy Edwards, pro se.*

_____

*Per Curiam.* We affirm the decision of the court of appeals for the reasons stated in its opinion.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.