JOURNAL ENTRY AND OPINION
Defendant-appellant Sherman Jeffries appeals from his jury conviction and maximum sentence for the gross sexual imposition and abduction of his mother.
Defendant was indicted in Case No. CR-375725 by the grand jury for attempted rape in violation of R.C. 2923.02 and R.C. 2907.02, kidnapping in violation of R.C. 2905.01, and aggravated burglary in violation of R.C. 2911.11. Each count contained a repeat violent offender specification pursuant to R.C. 2929.01 and notice of prior conviction under R.C. 2929.13(F)(6) arising from his prior aggravated robbery conviction. The trial court assigned the public defender to represent defendant and referred the matter for a psychiatric evaluation of his competency to stand trial and sanity at the time of the offenses.
The trial court found defendant competent to stand trial. During the course of a pretrial, the trial court ordered that a videotaped deposition of the victim, defendant's mother, be taken. The victim was blind, sixty-seven years of age, and ill, suffering from diabetes which resulted in a partially amputated foot.
Defendant was thereafter indicted in a separate case, Case No. CR-378749, for possession of drugs in violation of R.C. 2925.11. This charge arose from his consumption of illegal drugs on the evening before he committed the offenses in the case at bar. At the final pretrial, the trial court amended the indictments in the original Case No. CR-375725 from attempted rape to gross sexual imposition, and kidnapping to abduction, and dismissed the remaining aggravated burglary charge. The two cases were never consolidated, but thereafter proceeded to a single jury trial.[1]
The prosecution presented testimony from four witnesses to support the charges. Defendant's brother, Carnell Jeffries, testified that at around 10:00 p.m. on April 26, 1999, he heard his mother screaming in the residence he shared with defendant and their parents. When he reached the kitchen, he saw defendant, naked, except for a condom, struggling with their mother. Her pants and underwear were pulled down around her knees. Defendant appeared to be intoxicated and had been using drugs that evening. Carnell struck defendant twice in the head to get him off their mother.
The trial court played the videotaped deposition testimony of the victim, Easter Young. She described the events of April 26, 1999 as well as her physical condition. Surprising her, defendant pulled her shirt up and her pants down. Trying to get away from defendant, she fell onto the floor and was unable to get up. On cross-examination, she qualified much of her testimony concerning defendant's actions. She testified that she did not get out of the house much, except to go to church. She was under a doctor's care and suffered from diabetes, high blood pressure, high cholesterol, and thyroid problems. She took insulin and six other kinds of medicine.
Cleveland Police patrolman Todd Marazzi testified that he responded to the emergency phone call at approximately 10:00 p.m. Defendant's brother, Carnell, directed him to defendant, who was naked and bleeding from the head. The victim was seated at the kitchen table, whimpering, and rocking back and forth. She told the police what had happened.
Officer Marazzi testified that he read the Miranda warnings to defendant as he was arrested. Defendant stated that, after smoking crack cocaine, he heard his mother screaming. He ran down and saw his mother lying on the floor. His brother arrived and started beating him up.
The following day, Detective Alan Strickler from the Sex Crimes Unit interviewed defendant. Defendant admitted to smoking crack cocaine. He could not explain why he was naked, because he was high on drugs. Defendant declined to sign a written statement recording the interview.
Following the parties' closing arguments, the trial court instructed the jury. The jury found him guilty of all charges in both cases. The matter proceeded to sentencing five days later. The court sentenced defendant in Case No. CR-375725 to maximum consecutive sentences of one and one-half years for gross sexual imposition and five years for abduction. Defendant timely appeals, raising ten assignments of error.
 I
Defendant's first through third assignments challenge the trial court's pretrial reduction of the charges against him, as follows:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE INDICTMENTS WERE AMENDED TO OFFENSES WHICH WERE NOT LESSER INCLUDED OFFENSES.
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS TRIED UPON AN AMENDED INDICTMENT WHICH FAILED TO ALLEGE AN OFFENSE.
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE INDICTMENTS WERE AMENDED WITHOUT PRESENTATION TO A GRAND JURY.
These assignments lack merit.
For the first time on appeal, defendant objects that the trial court reduced by amendment the charges against him before trial. He now complains that the reduced charges were not lesser included offenses of the original charges made against him and that they should have been presented to a grand jury. He also complains that the prosecution referred to the offenses by name and statute number rather than by describing the language of each offense. Under the circumstances, we find defendant waived these claims of error because he failed to raise them in the trial court.
The record shows that the parties discussed amending the charges during a pretrial. For simplicity, each party referred to each charge by the statutory title and number of each offense, rather than by describing each element of each offense. The prosecution proposed to reduce the original charges of attempted rape and kidnapping to gross sexual imposition and abduction, as well as to dismiss entirely the aggravated burglary charge. Stating that he believed the reduced charges were lesser included offenses of the original charges, defense counsel did not object to the amendment.
Defendant's failure to raise any of the particular objections asserted on appeal, at the time the parties discussed this matter in the trial court, precludes assigning them as error for the first time on appeal after he has been convicted. It is well established that a party may not make a deliberate decision to forego an objection and then later assert it as error for the first time on appeal. State v. Edwards (1985),26 Ohio App.3d 199, 201.
The record in this case reveals that counsel made a deliberate strategic decision to accept the benefit from reducing the degree of charges by two felony degrees, as well as the outright dismissal of a third charge.[2] Defendant was represented at trial not only by the public defender's office, but also by his attorney on appeal, who likewise raised no objection in the trial court.
The record shows that defendant did not object to the reduction of the charges he faced, but merely argued that he was not guilty of any offense. Of course, the issue of his factual guilt or innocence was the entire purpose of trial. It is well established that claims concerning the factual basis or sufficiency of the evidence to support the charges may not be raised before trial as grounds to dismiss the charges. See e.g., State v. McNamee (1984), 17 Ohio App.3d 175, 176.
Accordingly, defendant's first, second, and third assignments are overruled.
 II
Defendant's fourth assignment of error follows:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS STATEMENTS WERE ADMITTED WHEN HE HAD NOT BEEN PROPERLY ADVISED OF HIS RIGHTS.
This assignment lacks merit.
Defendant's one-half page argument under this assignment of error contends that the only evidence that he possessed drugs was in statements he made to the police. This Court rejected this argument when defendant raised it in his appeal from his drug possession conviction. State v. Jeffries (Aug. 24, 2000), Cuyahoga App. No. 76905, unreported at 4-5. Defendant's conviction for possession of drugs is not involved in this appeal, and his brief raises no argument relating to any statements concerning his gross sexual imposition or abduction convictions at issue in this appeal.
Accordingly, defendant's fourth assignment of error is overruled.
 III
Defendant's fifth and sixth assignments of error relate to testimony by the victim, his mother Easter Young, as follows:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ALLOWED THE USE OF A VIDEOTAPED DEPOSITION OF EASTER YOUNG.
 DEFENDANT WAS DENIED A FAIR TRIAL WHEN THE COURT ALLOWED STATEMENTS OF EASTER YOUNG TO BE REPEATED BY POLICE OFFICERS.
These assignments lack merit.
Defendant complains that his mother's testimony was taken and presented by videotape rather than in person before the jury. He also complains that police officers repeated statements she had made to them when they responded to the emergency call.
Crim.R. 15 specifically governs depositions in criminal proceedings. Defendant has not alleged or shown that the trial court violated this rule in any way. During the course of the proceedings, the prosecution expressed concern about the ability of defendant's mother to testify at trial because of an incident that occurred during a pretrial. Defendant's mother was sixty-seven years of age, blind, and ill with diabetes.
After discussing the matter with defendant and counsel during a pretrial, the trial judge called the victim at her residence and spoke with defendant's brother. Neither defendant nor his counsel objected to the telephone call, which was made from chambers in the presence of counsel. Following the call, the trial court ordered that the victim's testimony be obtained by videotape pursuant to Crim.R. 15(A) because of concerns for her health.[3] The court emphasized that the deposition would give defendant an opportunity for advance discovery of his mother's testimony and would also permit the trial court to evaluate her condition to determine whether she should be compelled to testify in person.
Defendant and his counsel were present during the deposition, in accordance with Crim.R. 15(C) and (D), and defense counsel had an opportunity to pursue any cross-examination counsel desired. Crim.R. 15(E). During the deposition, the victim testified about her health and the acts defendant, her son, committed against her. She testified that she was sixty-seven years of age and blind, had a partially amputated foot, and suffered from diabetes, high blood pressure, high cholesterol, and thyroid problems. She took at least six kinds of medication each day and rarely left her house, except to go to church.
She testified that on the night of the incident defendant snatched up her shirt and snatched down her pants. As she was trying to get away, she fell onto the floor. During cross-examination by her son's attorney, she minimized what her son had done.
The victim's deposition testimony was subsequently presented at trial. In his fifth assignment of error, defendant complains that there was an inadequate showing of the victim's unavailability to warrant using her videotaped testimony at trial. Crim.R. 15(F), however, specifically permits the use of depositions in criminal cases when the witness is unable to attend or testify because of sickness or infirmity.[4]
Contrary to defendant's argument, the record amply supports the trial court's finding that Easter Young was unable to appear in court because of sickness or infirmity.
Defendant also complains for the first time that the trial court did not record its conversation with his brother during a pretrial when the court initially considered whether to order the deposition of his mother. The record shows, however, that defendant consented to the trial court's calling of his brother and neither he nor his counsel requested the call to be recorded. Counsel was present during the call and had a full opportunity to question defendant's brother and mother about the call. Under the circumstances he has shown no error or prejudice.
Defendant's sixth assignment complains that police officers testified during trial about what his mother told them after they responded to the emergency call. Defendant contends that the statements were inadmissable hearsay. The record reveals, however, the statements fit comfortably within the Evid.R. 803(2) hearsay exception governing excited utterances.
The record shows that the police arrived at the residence in response to an emergency call shortly after 10:00 p.m. Defendant's mother was sitting at a chair near the kitchen table, rocking back and forth and whimpering. She reported to the officers what had happened just before they arrived. Statements relating to a startling event are admissible when made while the declarant is under the stress of excitement caused by the event. Evid.R. 803(2); State v. Huertas (1990), 51 Ohio St.3d 22,31. In light of the nature of the offense, the brief lapse of time, and the absence of opportunity for reflective thought before the police arrived, the trial court could properly find that her statements were admissible under this exception.
Accordingly, defendant's fifth and sixth assignments of error are overruled.
 IV
Defendant's seventh assignment of error challenges the trial court's failure to instruct on the charge of unlawful restraint as a lesser included offense to abduction, as follows:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT REFUSED TO GIVE AN INSTRUCTION ON A LESSER INCLUDED OFFENSE OF UNLAWFUL RESTRAINT.
This assignment lacks merit.
Defendant contends the trial court improperly refused to instruct the jury on the charge of unlawful restraint. He contends the jury could have found that he committed this particular offense, a third degree misdemeanor, rather than abduction, a third degree felony.
Abduction, defined by R.C. 2905.02(A), and unlawful restraint, defined by R.C. 2905.03(A), share the common elements of restraining another person of liberty without privilege. However, abduction as charged in the case at bar differs from the lesser charge of unlawful restraint because of the additional elements of force and the creation of a risk of physical harm to the victim. R.C. 2905.02(A)(2).
By statute, force includes any violence, compulsion or constraint physically exerted against a person. R.C. 2901.01(A)(1). Risk of physical harm, in turn, means a significant possibility of any injury, illness, or physiological impairment regardless of gravity or duration. R.C.2901.01(A)(7),(3).
The record in the case at bar shows that defendant used force against his sixty-seven-year-old, blind mother, who suffered from a myriad of medical conditions. It is this precise use of force against a susceptible victim which distinguishes the two crimes. Defendant's brother testified that defendant used force and the mother's medical condition was undisputed. Under the circumstances, the jury could not reasonably have acquitted him of the offense of abduction while convicting him of the lesser charge of unlawful restraint. E.g., State v. Joyner (Mar. 23, 1999), Franklin App. No. 98AP-785, unreported.
Accordingly, defendant's seventh assignment of error is overruled.
 V
Defendant's eighth assignment of error challenges the sufficiency of the evidence against him, as follows:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL.
This assignment lacks merit.
Defendant contends that the prosecution did not present sufficient evidence that he committed gross sexual imposition and abduction against his mother. However, after reviewing the record in the light most favorable to the prosecution as we are required when reviewing the denial of a Crim.R. 29(A) motion for judgment of acquittal, we find that defendant's argument lacks merit.
Gross sexual imposition is committed when a person has sexual contact with another, not his spouse, either (1) by compelling the other to submit by force or threat of force, or (2) when the other's ability to resist is substantially impaired because of a mental or physical condition or advanced age. See R.C. 2907.05 (A)(1) and (5), respectively. Defendant removed his own and his mother's clothing. His mother, who was elderly and blind and had a partially amputated foot, fell while trying to escape. Defendant's brother testified that defendant continued to struggle pulling down his mother's pants until he punched defendant in the head a couple of times.
We recognize that defendant's mother testified on cross-examination by defendant's attorney that her son did touch her inappropriately and that she was not afraid of him. We further note that her testimony conflicted with that of her other son who stopped defendant from attacking her. When we view the evidence in the light most favorable to the prosecution, as we are required when evaluating the sufficiency of the evidence, we find the evidence sufficient to support the jury's finding of gross sexual imposition.
The prosecution likewise presented sufficient evidence that defendant abducted his mother. Abduction is committed when any person, without privilege, knowingly by force or threat, restrains the liberty of another under circumstances which create a risk of physical harm to the victim. R.C. 2905.01(A)(2). Defendant's brother testified that defendant was struggling with and using force against his mother while he was lying on top of her on the kitchen floor. When viewed in the light most favorable to the prosecution, this evidence shows that defendant used force to both restrain and create a risk of physical harm to his elderly, blind, and diabetic mother.
Accordingly, defendant's eighth assignment of error is overruled.
 VI
Defendant's ninth and tenth assignments of error challenge his sentence, as follows:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO MAXIMUM CONSECUTIVE SENTENCES FOR GOING TO TRIAL.
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO CONSECUTIVE MAXIMUM SENTENCES.
These assignments lack merit.
Defendant contends that the trial court imposed the maximum sentence against him because he exercised his right to trial. He also complains that before sentencing him the trial court did not obtain a victim impact statement from his mother.
The record contains no evidence whatsoever that the trial court vindictively sentenced defendant because he exercised his constitutional right to trial. The record reveals, to the contrary, that the trial judge repeatedly accommodated defendant throughout the proceedings. Defendant did decline the plea bargain offered by the prosecution to plead guilty to the drug possession charge in the companion case in return for the dismissal of all the charges against him in the case at bar. There is no indication, however, that defendant was being punished for exercising his right to trial, rather than for the crimes he committed.
The trial court explained in detail why it imposed the sentence it selected. State v. Edmondson (1999), 86 Ohio St.3d 324 . As noted by the trial court, the offenses which defendant committed were exceptionally serious offenses of abducting and molesting his elderly, blind, ill mother in her own house. The trial court found them to be the worst form of the offense and that a lesser sentence would demean the seriousness of the offenses. The trial court also specifically found that defendant had a prior conviction and that he had the greatest likelihood of committing additional offenses. Under the circumstances, defendant has shown no error in the trial court's sentence.
Accordingly, defendant's ninth and tenth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________ KARPINSKI, J.:
ANN DYKE, A.J., and KENNETH A. ROCCO, J., CONCUR.
[1] Defendant's conviction for possession of drugs was affirmed in a separate appeal. State v. Jeffries (Aug. 24, 2000), Cuyahoga App. No. 76905, unreported.
[2] Attempted rape is a felony of the second degree, whereas gross sexual imposition as alleged in the case at bar is a felony of the fourth degree. Kidnapping is a felony of the first degree, whereas abduction is a felony of the third degree.
[3] Crim.R. 15(A) provides in part as follows:
 If it appears probable that a prospective witness will be unable to attend or will be prevented from attending a trial or hearing, and if it further appears that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice, the court at any time after the filing of an indictment, information, or complaint shall upon motion of the defense attorney or the prosecuting attorney and notice to all the parties, order that his testimony be taken by deposition * * *.
[4] Crim.R. 15(F) provides in pertinent part:
 At the trial or upon any hearing, a part or all of a deposition, so far as otherwise admissible under the rules of evidence, may be used if it appears: * * * that the witness is unable to attend or testify because of sickness or infirmity * * *.