JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Milton Lawson, appeals his conviction for attempted murder. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On April 23, 2007, a grand jury indicted appellant on one count of attempted murder, under R.C. 2923.02/2903.02; two counts of felonious assault, under R.C. 2903.11; and one count of domestic violence, under R.C. 2919.25. On September 11, 2007, appellant filed a motion to suppress his statements to the police. On September 18, 2007, the trial court held a hearing on the motion to dismiss and denied it. On September 19, 2007, appellant executed a jury waiver, and a bench trial began. On September 21, 2007, the trial court found appellant guilty on all counts. On October 24, 2007, the trial court sentenced appellant to three years in prison.
 {¶ 3} The facts of this appeal involve an incident that occurred on March 25, 2007 when Renita Osborn ("the victim") went to appellant's home to pick up her daughter. According to the victim, she has a two-year-old daughter with appellant. The victim testified that when she arrived at appellant's house, he was outside, and she went into the house to check on her daughter. While she was in the house, appellant entered the kitchen and began questioning her about whether she was dating anyone. Eventually, the victim announced she did not want to discuss the matter and was going to leave. Nevertheless, appellant continued "badgering" her. Eventually, appellant's mother intervened and told them both to leave.
 {¶ 4} The victim began to put on her daughter's coat when she felt a knife poking her arm. Appellant was holding a nine-inch steak knife, and he stated, "you think this is a game." *Page 3 
Appellant's mother attempted to intervene, and the victim fled to the bathroom to call 911. Appellant entered the bathroom and held the knife to the victim's throat, stating, "You think this is a game. You know I love you. And I want to be with you." Appellant then left the bathroom, but returned again. Appellant's mother tried to physically separate the two, but appellant reached over her and stabbed the victim. Thereafter, appellant drove the victim to the hospital. The victim remained in the hospital for six days with a punctured and collapsed lung.
 {¶ 5} Garfield Heights police officer Timothy Baon testified that he responded to the victim's 911 call. At the home, he saw blood inside and on the driveway. Officer Baon took photos and blood samples. MetroHealth hospital's police officer James Wimberly testified that he observed the victim's stab wound. He also saw appellant waiting in the waiting room.
 {¶ 6} Appellant testified on his own behalf. According to appellant, on the day of the alleged incident, he was sitting at home eating and watching television when the victim arrived to pick up their daughter. Appellant explained that he had a steak knife in this hand because he was using it to eat his dinner. He said that he forgot he had it in his hand when he accidently poked her with it. He stated that he stabbed her accidentally when she tried to get around him. He testified that after he realized he cut her, he took his mother's advice and drove the victim to the hospital.
 Review and Analysis {¶ 7} Appellant brings this appeal, asserting one assignment of error for our review. *Page 4 
 {¶ 8} "I. The Appellant's convictions are against the manifest weight of the evidence."
 {¶ 9} Appellant argues that his conviction of attempted murder was against the manifest weight of the evidence.[1] More specifically, he alleges that the finding of intent is against the manifest weight. This argument is without merit.
 {¶ 10} Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squirev. Cleveland (1948), 150 Ohio St. 303, 345, 82 N.E.2d 709.
 {¶ 11} The court held in Tibbs v. Florida, (1982) 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652, that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43. Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d 717, has set forth the proper test to *Page 5 
be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 12} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Martin at 720.
 {¶ 13} Here, there was ample evidence to support the fact finder's determination that appellant intended to kill the victim. A person acts with intent when it is his specific intention to cause a certain result.State v. Edwards (Oct. 17, 1985), 26 Ohio App.3d 199, 499 N.E.2d 352. The trier of fact may infer intent to kill when the natural and probable consequence of a defendant's act is to produce death and when all of the surrounding circumstances allow the conclusion that a defendant had intent to kill. State v. Talley (Sept. 25, 1988), Lake App. No. 97-L-169.
 {¶ 14} Here, a review of the evidence shows that the probable consequence of appellant's actions was to produce death. Appellant stabbed the victim in the chest. The fact that he chose to stab her near her heart and lungs, as opposed to a less fatal area such as her arms or legs, is evidence of intent. Further, the surrounding circumstances allow the conclusion that appellant intended to kill the victim. The victim testified that appellant was "badgering" her about her dating life, which evidences that the attack was not accidental. She also testified that appellant came at her with the knife at least three times. At any time during *Page 6 
this encounter, appellant could have put the knife away. Each time his mother broke the two apart, he could have ceased his actions, but he continued to pursue the victim with the knife, ultimately stabbing her in the chest.
 {¶ 15} Appellant argues that he stabbed the victim accidentally while she tried to move around him. He also testified that after the stabbing, he took the victim to the hospital. He alleges that if he had indeed intended to kill her, he would have fled the scene. This does not establish a lack of intent. The question of whether he intended to kill the victim deals with his state of mind during the attack, not after. After a review of all the evidence, we cannot say that, as the fact finder, the trial judge clearly lost her way. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR
[1] Appellant's assignment of error indicates that he is appealing all of his convictions; however, in his brief he only argues that his attempted murder conviction is against the manifest weight; therefore, we address only that conviction. *Page 1