The STATE of Ohio, Appellee,

v.

**ATTERBERRY, Appellant.**

[Cite as *State v. Atterberry* (1997), 119 Ohio App.3d 443.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70345.

Decided May 5, 1997.

444

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *John Gallagher,* Assistant Prosecuting Attorney, for appellee.

*Raymond S. Gruss,* for appellant.

---

JAMES D. SWEENEY, Chief Justice.

Defendant-appellant Walter Atterberry appeals from his conviction for one count of felonious assault with a firearm in violation of R.C. 2903.11, with aggravated felony and violence specifications. The appellant was also convicted of one count of having a weapon while under a disability in violation of R.C. 2923.13, also with a firearm and violence specifications, but no argument for reversal or remand was presented as to that conviction.

The appellant was sentenced on count one, felonious assault, to a term of incarceration of eight to fifteen years, with an additional three years' incarceration for the firearm specification. The appellant was sentenced on count two to a term of one and one-half year's incarceration, plus an additional three years for the firearm specification. The terms of incarceration on the firearm specifications were merged.

On June 2, 1994, Olivia Hucklebey, the victim, was shot in the thigh by the appellant. Although the victim's testimony was by no means clear, the essential facts are not contested. The appellant and the victim, who was on probation, met outside the victim's apartment building on the morning of the incident as the victim was returning from court. They entered the victim's apartment, where Hucklebey and the appellant smoked crack furnished by the appellant. The two proceeded to the appellant's apartment, located at 9520 Detroit Avenue, Cleveland, Ohio.

Upon arrival, the appellant pulled out a handgun and began to fire it, apparently at the furniture in the apartment. After he smoked more crack, the victim and the appellant began to leave the apartment. As they were at the kitchen door, Hucklebey felt the gun against her leg. The trigger was pulled, and she felt a pop. The bullet was in her leg. When the appellant opened the door, Hucklebey fell into the hallway. When the appellant ordered her to get up, she informed him that she was shot. He stated, "Oh, you ain't shot." Others came to the victim's assistance, and the appellant fled the scene. The appellant was apprehended by the police and eventually informed them as to the location of the firearm.

When questioned regarding the shooting in the apartment, Hucklebey testified that the appellant believed that someone was in the apartment. He asked her to turn over the furniture and then he shot at the furniture. When she asked the appellant why he was shooting he told her to "shut up, * * * because I'll shoot

you." Hucklebey testified that she was in front of the gun at all times during the shooting. Based upon the appellant's threat, Hucklebey stated that she did not believe that the shooting was an accident. When questioned about her statements at the scene, Hucklebey testified first that she did not remember telling anyone that the shooting was an accident. Hucklebey then stated that the "word accident didn't come up at all" at the scene.

In his investigation, Detective Timothy Patton of the Cleveland Police Department questioned the appellant. The appellant was advised of his constitutional rights by Officer Patton, but chose to make a statement.

In the first portion of the statement, the appellant indicated that the day before the shooting he had made arrangements with the victim that upon his receipt of his SSI check they would "go to [his] house and have sex and get high." The next day the plan was carried out, and the appellant specifically stated that he paid the victim $20 for sex. The victim called two drug dealers seeking more cocaine. One of the drug dealers had a gun, which discharged as the appellant was holding it.

In the second portion of the statement, the appellant disavowed the first portion of the statement, regarding the drug dealers. He indicated that he and the victim were the only two present at the time of the shooting. He stated that he was high on crack and shot the gun off into the wall because he thought someone was hiding behind the couch. The appellant admitted a prior diagnosis of schizophrenia, but said he had ceased taking medicine two years ago. When asked if he had shot Ms. Hucklebey on purpose, he answered, "No way. It was definitely an accident. I was paranoid because I thought someone was in my apartment, and I had the gun cocked, and it went off accidentally."

The appellant presented two witnesses in his defense. Thomas Morrow is employed by the Cuyahoga County Metropolitan Housing Authority as a custodian. He and Vickie Smith, the housing manager assistant, responded to an emergency signal emanating from the sixth floor of the building. Morrow did not speak to the victim, but he heard the victim state that the shooting was an accident. Smith also testified that the victim kept saying, "It was an accident, it was an accident." Smith telephoned 911 from a nearby apartment and waited with the victim until the EMS crew arrived.

The appellant sets forth two assignments of error.

The first assignment of error:

## I

"Appellant was denied effective assistance of counsel under Article I Section 10 of the Ohio Constitution and the Sixth Amendment to the United States Constitution."

The appellant argues that he was rendered ineffective assistance of counsel both by counsel's failure to provide the trial court with a written jury instruction on the issue of accident and by counsel's failure to object to the court's refusal to give such a charge to the jury.

To prevail on a claim for ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. A properly licensed attorney is presumed to execute his duties in an ethical and competent manner. *State v. Smith* (1987), 36 Ohio App.3d 162, 521 N.E.2d 1112. The burden of proving ineffectiveness is on the defendant. *State v. Smith* (1981), 3 Ohio App.3d 115, 3 OBR 130, 444 N.E.2d 85.

Ineffectiveness is demonstrated by showing that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. *State v. Hamblin* (1988), 37 Ohio St.3d 153, 524 N.E.2d 476. To establish prejudice, a defendant must show that there is a reasonable possibility that, but for counsel's errors, the result of the proceeding would have been different. *Strickland, supra.*

Accident is not an affirmative defense. *Jones v. State* (1894), 51 Ohio St. 331, 342, 38 N.E. 79, 82–83; *State v. Smith* (May 10, 1996), Miami App. No. 95–CA–17, 1996 WL 239823. Rather, the defense of accident is tantamount to a denial that an unlawful act was committed; it is not a justification for the defendant's admitted conduct. *State v. Poole* (1973), 33 Ohio St.2d 18, 62 O.O.2d 340, 294 N.E.2d 888; *State v. Stubblefield* (Feb. 13, 1991), Hamilton App. No. C–890597, unreported, 1991 WL 17219; *State v. Staats* (Apr. 13, 1994), Summit App. No. 15706, unreported, 1994 WL 122266. Accident is defined as an unfortunate event occurring casually or by chance. *State v. Brady* (1988), 48 Ohio App.3d 41, 548 N.E.2d 278; *State v. Flemming* (Sept. 5, 1996), Cuyahoga App. No. 68664, unreported, 1996 WL 502156. Accident is an argument that supports a conclusion that the state has failed to prove the intent element of the crime beyond a reasonable doubt. *State v. Manbevers* (Sept. 28, 1994), Pickaway App. No. 93CA23, unreported, 1994 WL 529966. When accident has been raised as a defense, with a supporting record, a court errs when it refuses to charge the jury on the issue. *Brady, supra; State v. Rivers* (1977), 50 Ohio App.2d 129, 4 O.O.3d 100, 361 N.E.2d 1363.

It is evident from the transcript that the trial judge, the prosecutor and the defense counsel discussed the issue of a jury charge on accident. The appellant's trial counsel offered to provide the court with a charge, but the court declined the offer. The failure to provide a written instruction despite the court's

indication that it would not be used cannot be held as error. Thus, the appellant was not rendered ineffective assistance of counsel through failure of counsel to provide a written jury instruction on accident to the court.

█ However, counsel failed to object to the lack of an instruction on accident after the charges were given and prior to the jury's retirement to deliberate. Although the court was disinclined to give such a charge, the matter was left open. The court's final statement to defense counsel was "We'll leave it with you." Clearly, the appellant's trial counsel failed to preserve the objection and, in addition, failed to present to the court a final chance to consider instructing the jury on the issue of accident.

The facts in the case *sub judice* are far different from most cases reviewing the failure to give an instruction on accident. Here, the issue of accident was placed before the jury at an early state in the proceedings. While the victim testified that she did not believe that the shooting was an accident, she also testified that the appellant did not know she was injured. In addition, the appellant presented two independent witnesses stating that the victim, immediately after she was shot, proclaimed that it was an accident. The facts of this case clearly support a jury instruction on accident. The failure of counsel to object and preserve the issue for appeal constituted ineffective assistance of counsel.

The appellant's first assignment of error is well taken.

Pursuant to App.R. 12, the appellant's second assignment of error is moot.

The judgment is reversed and the cause is remanded for a new trial.

*Judgment reversed*
*and cause remanded.*

KARPINSKI, J., concurs.

O'DONNELL, J., dissents.