On January 6, 1998, Malcolm A. Wallace was indicted by a Franklin County grand jury on three offenses: second-degree felony, charges of felonious assault, in violation of R.C.2903.11 (knowingly causing serious physical harm to another), and of endangering children, in violation of R.C. 2919.22(B)(2) (torturing or cruelly abusing a child, resulting in serious physical harm); and, a third-degree felony charge of endangering children, in violation of R.C. 2919.22(A) (creating a substantial risk to the child's health or safety by violating a duty of care, resulting in serious physical harm). The charges arose as the result of a March 1, 1997 incident in which Mr. Wallace's ten-year-old daughter, Julia Wallace, sustained serious head injuries, including multiple skull fractures, two areas of bleeding in the brain, and an eye bruised severely enough to swell it shut.
A jury trial commenced in June 1998. On June 24, 1998, the jury returned guilty verdicts on all counts of the indictment.
Following a sentencing hearing in August 1998, Mr. Wallace was sentenced to concurrent terms of imprisonment of five years each on the second-degree felonies, and three years on the third-degree felony. The judgment and sentence of the trial court were journalized in an entry filed August 24, 1998.
Malcolm A. Wallace (hereinafter "appellant") has timely appealed, assigning a single error for our consideration:
 The trial court committed reversible error and deprived the defendant-appellant of due process and a fair trial by failing to instruct the jury on the defense of accident.
 On appeal, the parties do not dispute the facts as adduced at trial.
Both appellant and his wife testified that Julia's injuries were caused by her fall from a chair onto the carpeted floor below. Although both claimed to have not been in the room at the time of the incident, they knew that their daughter must have fallen from the chair because she often jumped on that chair. Both parents testified that Julia, who also suffers from sickle cell anemia, is accident prone.
Daniel J. Scherzer, M.D., was the emergency room physician who treated the critically-ill child immediately upon her arrival at Children's Hospital. Dr. Scherzer testified that Julia sustained subdural bleeding in the front of her brain; bleeding over the side of the brain; large bruises over the eye; a fracture of the facial bones behind the eye; and another fracture to the other side of her skull. All of Julia's injuries were acute; all occurred within hours of her being seen by him at the hospital.
In his expert opinion, Dr. Scherzer likened Julia's eye injuries to "getting hit by a bat or baseball," extremely hard as in the case of a "line drive." (Tr. 173.) In his years of experience, Dr. Scherzer had never seen injuries of the nature and extent of Julia's caused by a fall such as that described by her parents.
Elizabeth Gilles, M.D., an expert in child neurology, testified regarding her examination and treatment of Julia. In Dr. Gilles's expert opinion, the injuries sustained by the child could not have been caused accidentally in the manner explained by appellant and his wife. Specifically, she opined that the subdural hematoma could not have been caused by a fall and that significant force would have been necessary to cause the skull fracture. Dr. Gilles concluded that Julia suffered non-accidental, multiple-impact, blunt-force trauma to the head.
Appellant acknowledges that his trial counsel did not object to the trial court's jury instructions, nor did trial counsel request an instruction on the defense of accident. Pursuant to Crim.R. 30(A), appellant "may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict * * *." Accordingly, we may not reverse absent a showing of plain error. Crim.R. 52(B). In State v. Long (1978), 53 Ohio St.2d 91, the Supreme Court of Ohio held at the syllabus:
 1. Ordinarily, the failure to timely object to a jury instruction violative of R.C. 2901.05(A) constitutes a waiver of any claim of error relative thereto. Crim.R. 30.
 2. A jury instruction violative of R.C. 2901.05(A) does not constitute a plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise.
 3. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.
See, also, State v. Underwood (1983), 3 Ohio St.3d 12, syllabus (approving and following Long, supra).
Further, a lone jury instruction "may not be judged in artificial isolation but must be viewed in the context of the overall charge." State v. Price (1979), 60 Ohio St.2d 136, paragraph four of the syllabus. See, also, State v. Wilson
(1996), 74 Ohio St.3d 381, 393.
Acknowledging this stringent standard, appellant contends that the trial court committed plain error when it failed,sua sponte, to give the jury an instruction on the defense of accident.
Our initial observation is that "accident" is not an affirmative defense. In State v. Curry (1989), 45 Ohio St.3d 109,111-112, the Supreme Court of Ohio stated:
 In State v. Poole (1973), 33 Ohio St.2d 18, 19 * * *, this court described the nature of affirmative defenses as follows: "[They] represent not the mere denial or contradiction of evidence which the prosecution has offered as proof of an essential element of the crime charged, but, rather, they represent a substantive or independent matter 'which the defendant claims exempts him from liability even if it is conceded that the facts claimed by the prosecution are true.' " In other words, "the applicability of a defense becomes an issue only after all the elements of a crime have been satisfied. If an element is missing, the defendant is simply not guilty, and there is no need to resort to a defense. * * *" (Emphasis added.)
See, also, State v. Atterberry (1997), 119 Ohio App.3d 443.
Thus, based upon the foregoing, since appellant merely denied any participation whatsoever in contributing to his daughter's injuries, he was not entitled to any specific "accident" instruction. The trial court's instructions on the specific-intent offenses charged negated any necessity for such an instruction. The court properly instructed the jury on the elements, most significantly the mens rea elements, of the respective offenses: "knowingly" as to felonious assault; and "recklessly" as to both child endangering charges. State v.McGee (1997), 79 Ohio St.3d 193, 195 (although statute does not specify requisite degree of culpability, recklessness is essential element of R.C. 2919.22[A] endangering children); and, State v. Adams (1980), 62 Ohio St.2d 151, paragraph one of the syllabus (recklessness is essential element of R.C.2919.22[B][2] endangering children).
Since appellant claimed that his daughter sustained injuries as a result of an accident in which he took no part, this defense was simply tantamount to a denial that any unlawful act was committed. Had the jury found that the state failed to prove all or any of the essential elements, particularly those intent elements set forth above, the jury would have been required to acquit appellant of one or more offenses. The jury clearly rejected appellant's testimony that his daughter's injuries were caused by an accidental fall. Given the severity of the child's injuries, the jury's verdict is reasonable.
The assignment of error is overruled.
Having overruled the assignment of error, the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J., and DESHLER, J., concur.