[Cite as *State v. Bell*, 2011-Ohio-2479.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

JOSHUA R. BELL

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Patricia A. Delaney, J.

Case No. 10-COA-013

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Ashland Municipal Court, Case No. 09-CRB-1312 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 20, 2011 |
| APPEARANCES: | |

For Plaintiff-Appellee

W. DAVID MONTAGUE
Assistant Director of Law
1213 E. Main St.
Ashland, Ohio 44805

For Defendant-Appellant

THOMAS L. MASON
Mason, Mason & Kearns
Post Office Box 345
153 West Main Street
Ashland, Ohio 44805-0345

*Hoffman, J.*

{¶1}  Defendant-appellant Joshua R. Bell appeals his conviction entered by the Ashland Municipal Court for underage consumption of alcohol in violation of R.C. 4301.69(E)(1).  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2}  Appellant was charged with underage consumption of alcohol in violation of R.C. 4301.69(E)(1).  Following the presentation of the evidence, counsel for Appellant requested the trial court instruct the jury Appellant was permitted to consume alcohol if they found the consumption occurred under the supervision of a parent.  The trial court denied the request.  The jury found Appellant guilty of the charge.

{¶3}  A transcript of the trial was unavailable due to a malfunction of the recording equipment, resulting in the trial court issuing a Statement of Evidence pursuant to Ohio Rule of Appellate Procedure 9(C).

{¶4}  The trial court's 9(C) statement states Appellant, who was nineteen years-old, admitted to consuming beer.  He testified he had his father's permission to drink beer at home while his father was there in the residence they shared.  Appellant consumed beer in the downstairs of the residence, while his father, Michael Bell, was asleep in the bedroom upstairs.  Michael Bell had given his son permission to drink while he was in the residence, but was not aware his son was drinking at the time of the alleged offense.

{¶5}  On appeal, Appellant assigns as error:

{¶6} "I. THE TRIAL COMMITTED PREJUDICIAL ERROR BY NOT INSTRUCTING THE JURY THAT THE APPELLANT WAS PERMITTED TO CONSUME ALCOHOL UNDER PARENTAL SUPERVISION."

I

{¶7} Where a defense has been raised and is supported by sufficient evidence, a trial court errs in refusing to instruct the jury on the defense. *State v. Atterberry* (1997), 119 Ohio App.3d 443; *State v. Brady* (1988), 48 Ohio App.3d 41. The decision of the trial court whether to give jury instructions requested by the parties is reviewable only for abuse of discretion. *State v. Sims* (1984), 13 Ohio App.3d 287.

{¶8} Ohio Revised Code Section 4301.69(E)(1) states:

{¶9} "(E)(1) No underage person shall knowingly order, pay for, share the cost of, attempt to purchase, possess, or consume any beer or intoxicating liquor in any public or private place. No underage person shall knowingly be under the influence of any beer or intoxicating liquor in any public place. The prohibitions set forth in division (E)(1) of this section against an underage person knowingly possessing, consuming, or being under the influence of any beer or intoxicating liquor shall not apply if the underage person is supervised by a parent, spouse who is not an underage person, or legal guardian, or the beer or intoxicating liquor is given by a physician in the regular line of the physician's practice or given for established religious purposes."

{¶10} The 9(C) statement of the trial court provides Appellant's father was asleep at the time of the offense in an upstairs bedroom, and not directly supervising Appellant's consumption of alcohol at the time. Michael Bell did not know his son was drinking alcohol at the time. The trial court concluded, and we agree, the fact

Appellant's father was asleep and unaware of Appellant's drinking does not amount to supervision.

{¶11} Accordingly, we find the trial court did not abuse its discretion in not instructing the jury as requested by Appellant.

{¶12} The sole assignment of error is overruled.

By: Hoffman, J.

Gwin, P.J. and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                  :

                                      :

     Plaintiff-Appellee                 :

                                        :

-vs-                                       :            JUDGMENT ENTRY

                                        :

JOSHUA R. BELL                     :

                                        :

     Defendant-Appellant        :            Case No. 10-COA-013

For the reason stated in our accompanying Opinion, the judgment of the Ashland Municipal Court is affirmed.  Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY