[Cite as *State v. Fredericy*, 2011-Ohio-3834.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95677

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN FREDERICY

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-531961

**BEFORE:** Cooney, J., Kilbane, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** August 4, 2011

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio 44113-1901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Luke Mahoney
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


COLLEEN CONWAY COONEY, J.:

**{¶ 1}** Defendant-appellant, John Fredericy ("Fredericy"), appeals his felonious assault conviction. Finding no merit to the appeal, we affirm.

**{¶ 2}** In December 2009, Fredericy was charged with felonious assault of a law enforcement officer. He executed a written jury waiver, and the case proceeded to a bench trial. The court found him guilty and sentenced him to three years in prison and five years of postrelease control.

{¶ 3}  Fredericy now appeals, raising two assignments of error.

<u>Sufficiency and Manifest Weight of the Evidence</u>

{¶ 4}  In his first assignment of error, Fredericy argues that his conviction is not supported by sufficient evidence.  In his second assignment of error, he argues that his conviction is against the manifest weight of the evidence.  These two assignments are related to the same set of facts and will therefore be discussed together.

{¶ 5}  In *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶113, the Ohio Supreme Court explained the standard for sufficiency of the evidence:

{¶ 6}  "Raising the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern.  *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541.  In reviewing such a challenge, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'  *State v. Jenks* (1991), 574 N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560."

{¶ 7}  In a sufficiency exercise, however, this court does not make determinations of credibility. Rather, the court decides, based on the evidence presented if believed, whether any rational trier of fact could have found the defendant guilty of the crimes charged.

{¶ 8} Although the test for sufficiency requires a determination of whether the prosecution has met its burden of production at trial, a manifest weight challenge questions whether the prosecution has met its burden of persuasion. *Thompkins* at 390. When considering a manifest weight claim, a reviewing court must examine the entire record, weigh the evidence, and consider the credibility of witnesses. *State v. Thomas* (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356. The court may reverse the judgment of conviction if it appears that the factfinder "'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

{¶ 9} A judgment should be reversed as against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387.

{¶ 10} Fredericy was convicted of felonious assault pursuant to R.C. 2903.11(A)(2), which states: "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." R.C. 2901.22(B) defines, "knowingly," as follows:

{¶ 11} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

{¶ 12} R.C. 2901.01(A)(3) defines physical harm as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." A deadly weapon includes "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A). It is well established that an automobile can be classified as a deadly weapon when used in a manner likely to produce death or great bodily harm. *State v. Kilton*, Cuyahoga App. No. 80837, 2003-Ohio-423, citing *State v. Prince* (Nov. 19, 1992), Cuyahoga App. No. 61342.

{¶ 13} The following facts were adduced at trial.

{¶ 14} Cleveland police officer Douglas Nuti ("Nuti") testified that on the evening of December 6, 2009, he was working as a security guard at Hush, a bar/club located near Fidelity and Lorain Avenues in Cleveland. This position was an approved part-time job, and Officer Nuti was dressed at the time in his police uniform. Initially, Nuti was sitting inside his personal vehicle parked on Fidelity Avenue. When a patron left one of the parking spaces in the adjacent Hush parking lot, Nuti backed his car into the space in order to have a better view for surveillance.

{¶ 15} Shortly thereafter, Nuti observed Fredericy as he exited the Oriole Club, located across the street from the Hush parking lot. Although Nuti did not see Fredericy enter his vehicle, Nuti identified Fredericy inside his dark pickup truck when he pulled into the space where Nuti had previously been parked. Fredericy pulled his truck into the lot, directly in

front of Nuti's car, hood to hood. Fredericy then waved to Nuti, indicating that he wanted Nuti to approach his car. Nuti testified that Fredericy motioned to Nuti in a manner that indicated "come here," and that the waving "seemed urgent."

{¶ 16} Thinking that Fredericy needed assistance, Nuti exited his car and approached Fredericy's vehicle. Fredericy reversed quickly, "aggressively squealing the tires, spinning the tires," and backed his car into the street. Nuti testified that at this point he was confused as to what Fredericy was doing. Standing in the parking lot in front of his own vehicle, Nuti then saw Fredericy's car jump the curb and heard the "engine rev." The car came directly at Nuti, who attempted to get out of the way, but the vehicle struck his hip. Fredericy fled the scene, and Nuti was transported to the hospital with minor injuries. Based on Nuti's description, Fredericy was apprehended by police shortly thereafter.

{¶ 17} Fredericy contends that his conviction is not supported by sufficient evidence and, in the alternative, it is against the manifest weight of the evidence. Specifically, he challenges the adequacy of the State's evidence regarding whether he acted knowingly in the commission of the act. Fredericy furthers this argument by claiming that the court erred in failing to consider "accident" as a defense to the assault, as it relates to the required mens rea.

{¶ 18} In *State v. Brown*, Cuyahoga App. No. 83976, 2004-Ohio-5863, at ¶15, this court discussed the defense of "accident," as follows:

{¶ 19} "An accident is that which is unintentional and unwilled and implies a lack of criminal culpability. *State v. Ross* (1999), 135 Ohio App.3d 262, 733 N.E.2d 659. An accident will be found only if the defendant's actions or the resulting injury were a 'mere physical happening or event, out of the order of things and not reasonably [anticipated or foreseen] as a natural or probable result of a lawful act.' *State v. Bowling*, Cuyahoga App. No. 80777 at 10, 2002-Ohio-6818, ¶16, quoting *State v. Glossip* (Mar. 18, 1991), Butler App. No. CA90-07-138, (citing 4 Ohio Jury Instructions 75, Section 411.01[2] ). The defense of accident is not an affirmative defense, but is tantamount to a denial that an unlawful act was committed; it is not a justification for the defendant's admitted conduct. *Jones v. State* (1894), 51 Ohio St. 331, 342, 38 N.E. 79; *State v. Atterberry* (1997), 119 Ohio App.3d 443, 447, 695 N.E.2d 789 citing *State v. Poole* (1973), 33 Ohio St.2d 18, 294 N.E.2d 888."

{¶ 20} Fredericy maintains that the State must provide "some evidence that the Appellant was doing more than driving drunk and accidentally hitting officer Nuti." We find the evidence met this standard. Officer Nuti's testimony described the manner in which Fredericy motioned to Nuti to come to his vehicle. Nuti's testimony provides ample evidence to prove that Fredericy observed Nuti parked in his own car, motioned for Nuti to approach Fredericy, and subsequently struck Nuti with his vehicle. Having summoned Nuti from his vehicle, nothing about Fredericy's action was accidental. Moreover, Fredericy himself admitted hitting "something," although he claimed not to know what it was.

Following *Brown*, we find that the defense of accident is not a justification for Fredericy's admitted conduct.

{¶ 21} Fredericy's convoluted argument further contends that the trial court "was confused with regard to the effect voluntary intoxication had on the mens rea of knowledge for felonious assault." Despite appellant's assertions to the contrary, the defense of voluntary intoxication is no longer accepted.

{¶ 22} "In Ohio, prior to October 2000, evidence of voluntary intoxication was available as an affirmative defense in instances where a defendant was charged with a specific intent crime and could demonstrate that he was 'so intoxicated as to be mentally unable to intend anything.' *State v. Otte* (1996), 74 Ohio St.3d 555, 564, 660 N.E.2d 711. However, pursuant to R.C. 2901.21(C), as amended effective October 27, 2000, 'voluntary intoxication may not be taken into consideration in determining the existence of a mental state that is an element of a criminal offense.' Accordingly, the defense of voluntary intoxication is no longer applicable." *State v. Stockhoff*, Butler App. No. CA2001-07-179, 2002-Ohio-1342.

{¶ 23} Moreover, as Fredericy acknowledges in his brief "[u]nlike a jury, which must be instructed on the applicable law, a trial judge is presumed to know the applicable law and apply it accordingly." *State v. Eley*, 77 Ohio St.3d 174, 180-181, 1996-Ohio-323, 672 N.E.2d 640. Despite Fredericy's assertion that the trial court was "confused," we presume that the trial court knew the applicable law and applied it accordingly.

{¶ 24} Fredericy also contends that the State failed to prove that Nuti suffered serious physical harm to support Fredericy's mandatory prison term, pursuant to R.C. 2903.11(D)(1)(b). Fredericy's argument is not only misplaced, it illustrates a failure to review and understand the record in this case.

{¶ 25} R.C. 2903.11(D)(1)(a-b) states:

"(a)   Whoever violates this section is guilty of felonious assault. Except as otherwise provided in this division or division (D)(1)(b) of this section, felonious assault is a felony of the second degree. *If the victim of a violation of division (A) of this section is a peace officer or an investigator of the bureau of criminal identification and investigation, felonious assault is a felony of the first degree.*

"(b)   * * * If the victim of the offense is a peace officer or an investigator of the bureau of criminal identification and investigation, **and** if the victim suffered serious physical harm as a result of the commission of the offense, felonious assault is a felony of the first degree, and the court, pursuant to division (F) of section 2929.13 of the Revised Code, shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree."   (Emphasis added.)

{¶ 26} As evidenced by a thorough review of the record, the trial court was not required to nor did it impose a mandatory prison term pursuant to R.C. 2903.11(D)(1)(b), because Fredericy was not convicted under R.C. 2903.11(A)(1), which requires *serious* physical harm. Having convicted him under R.C. 2903.11(A)(2), which requires only physical harm, the trial court was required to and did adhere to R.C. 2903.11(D)(1)(a), which

specifies that when the victim of felonious assault is a peace officer, the crime is a first degree felony. No mandatory prison term is required. Thus, the court was only required to impose a sentence that complied with the purposes and principles of sentencing under R.C. 2929.11.[1] Therefore, as the court properly stated at the beginning of the sentencing hearing, Fredericy's first degree felony was punishable by a prison term not to exceed ten years, a fine not to exceed $20,000, or community control sanctions.

{¶ 27} The court sentenced Fredericy to three years in prison, stating at the hearing and in the journal entry that a prison term for this crime is consistent with the purpose of R.C. 2929.11. The State was not required to show serious physical harm. The trial court did not err in sentencing Fredericy.

{¶ 28} After viewing the evidence in a light most favorable to the prosecution, we find sufficient evidence to establish, beyond a reasonable doubt, that Fredericy committed felonious assault. Moreover, based on the aforementioned facts and circumstances, we find that the conviction is not against the manifest weight of the evidence. We cannot say that the court lost its way and created a manifest injustice in convicting Fredericy.

{¶ 29} Accordingly, Fredericy's two assignments of error are overruled.

---

[1] R.C. 2929.13(D)(1): "Except as provided in division (E) or (F) of this section, *for a felony of the first or second degree * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. * * *"* (Emphasis added.)

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

MARY EILEEN KILBANE, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR