[Cite as *State v. Melton*, 2012-Ohio-2386.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97245**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT MELTON

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-546368

**BEFORE:** Blackmon, A.J., Sweeney, J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 31, 2012

**ATTORNEY FOR APPELLANT**

Michael V. Heffernan
75 Public Square
Suite 700
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Marc D. Bullard
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1}   Appellant Robert Melton ("Melton") appeals his convictions for assaulting a peace officer and resisting arrest and assigns the following three errors:

**I.  Mr. Melton's convictions are against the manifest weight of the evidence.**

**II.   Mr. Melton's conviction was against the sufficiency of the evidence.**

**III.  Mr. Melton's counsel was ineffective.**

{¶2}   Having reviewed the record and pertinent law, we affirm Melton's convictions.   The apposite facts follow.

## Facts

{¶3}   On January 17, 2011, Melton went on a drinking binge to the point that he passed out on a Rapid Transit Authority ("RTA") bus.   The bus driver, concerned that Melton could not be wakened at the end of the bus route, called the RTA police.   Officer Robert Schwab responded to the call and Officer Wilson arrived shortly thereafter to assist.   Although Melton was not disturbing anyone, Officer Schwab said it was necessary to awaken Melton to ascertain if he was in need of medical attention.   Because he received no response from Melton by shaking him, he placed ammonia under Melton's nose to rouse him.   When Melton became conscious, he was upset and began swearing at the officers.

{¶4}   Both officers stated that Melton was heavily intoxicated.   They smelled alcohol on his person, his eyes were red and glassy, and his speech slurred. Melton was unable to stand or walk on his own, so the officers assisted him off the bus.   Once he was

off the bus, the officers could not just leave him without determining if Melton was capable of taking care of himself or in need of emergency medical assistance. They tried to prop him up against a brick wall, but Melton could not stand. He continued to loudly cuss at them. As they were assisting him to stand, Melton kicked at Officer Schwab. Because Officer Schwab saw the kick coming he was able to move his knee to prevent serious injury.

{¶5} Officer Wilson responded by tripping Melton so that he would fall to the ground. The officers advised Melton that he was under arrest and instructed him to place his hands behind his back. Melton refused to comply. The officers had to forcefully pull Melton's hands behind his back to handcuff him.

{¶6} Once he was handcuffed, Melton was escorted to Officer Wilson's car. They noticed Melton's chin was scraped and bleeding and that his lip was also bleeding, so EMS was called. After checking Melton, the EMS team cleared Melton to be taken to jail.

{¶7} When Officer Wilson arrived on the scene, he activated the video on his dash board; therefore, a video of the events that transpired after Melton was removed from the bus was videotaped. The video was played at trial and showed Melton could not walk or stand on his own. It also showed Melton kicking the officer, and Officer Wilson taking Melton down and handcuffing him.

{¶8} Melton, against his counsel's advice, testified on his own behalf. He admitted to drinking that day and stated he had an alcohol problem. He claimed his kicking of the officer was a reaction to being pepper sprayed. He admitted the video did

not show he was pepper sprayed but concluded the officer must have done it in a secretive way so it would not show on the video. He testified he had been arrested "hundreds of times" by the RTA police and admitted he had three prior felonies for assaulting a peace officer.

{¶9} The jury found Melton guilty of assaulting a peace officer and resisting arrest. The trial court sentenced Melton to 18 months for the assault and 180 days in jail for resisting arrest to be served concurrently.

## Manifest Weight and Sufficiency of Evidence

{¶10} In his first and second assigned errors, Melton argues that his convictions were against the manifest weight of the evidence and were not supported by sufficient evidence.

{¶11} Crim.R. 29 mandates that the trial court issue a judgment of acquittal where the state's evidence is insufficient to sustain a conviction for the offense. Crim.R. 29(A) and a sufficiency of the evidence review require the same analysis. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386.

{¶12} In analyzing whether a conviction is supported by sufficient evidence, the reviewing court must view the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991); *State v. Carter*, 72 Ohio St.3d 545, 1995-Ohio-104, 651 N.E.2d 965.

**{¶13}** To prove assault on a peace officer, the state had to prove pursuant to R.C. 2901.12(A) that Melton "did knowingly cause or attempt to cause physical harm" to Officer Schwab. Melton argues that his conviction for assault on a police officer was not supported by sufficient evidence because he was semi-conscious and would not have the requisite intent to "knowingly" commit the crime. This argument is not persuasive.

**{¶14}** It is undisputed that the reason Melton was semi-conscious was because he was voluntarily intoxicated. Melton admitted at trial that he had been drinking for two hours prior to falling asleep. "In Ohio, prior to October 2000, evidence of voluntary intoxication was available as an affirmative defense in instances where a defendant was charged with a specific intent crime and could demonstrate that he was 'so intoxicated as to be mentally unable to intend anything.'" *State v. Otte*, 74 Ohio St.3d 555, 564, 660 N.E.2d 711 (1996). However, pursuant to R.C. 2901.21(C), as amended effective October 27, 2000, "voluntary intoxication may not be taken into consideration in determining the existence of a mental state that is an element of a criminal offense." Accordingly, the defense of voluntary intoxication is no longer applicable. *State v. Stockhoff*, 12th Dist. No. CA2001-07-179, 2002-Ohio-1342; *State v. Fredericy*, 8th Dist. No. 95677, 2011-Ohio-3834; *State v. Searles*, 8th Dist. No. 96549, 2011-Ohio-6275.

**{¶15}** Melton claims his conviction for resisting arrest was not supported by the evidence because he was only cussing at the officers, which is insufficient to constitute resisting arrest. He also claims the officers were beating him. To prove resisting arrest, the state had to prove pursuant to R.C. 2921.33(A) that Melton did recklessly or by force, resist or interfere with the lawful arrest of himself. The evidence amply supports his

resisting arrest conviction. Both officers testified that when Melton was forced to the ground, he continued to resist his arrest. They testified that Melton refused to respond to their order to put his hands behind his back, and they had to struggle with him and forcefully pull his arms to successfully handcuff him.

{¶16} We also find no merit to Melton's argument that his convictions were against the manifest weight of the evidence. In *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, the Ohio Supreme Court addressed the standard of review for a criminal manifest weight challenge, as follows:

> **The criminal manifest-weight-of-the-evidence standard was explained in *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. In *Thompkins*, the court distinguished between sufficiency of the evidence and manifest weight of the evidence, finding that these concepts differ both qualitatively and quantitatively. Id. at 386, 678 N.E.2d 541. The court held that sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. Id. at 386–387, 678 N.E.2d 541. In other words, a reviewing court asks whose evidence is more persuasive—the state's or the defendant's? We went on to hold that although there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. Id. at 387, 678 N.E.2d 541. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id. at 387, 678 N.E.2d 541, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652.**

{¶17} An appellate court may not merely substitute its view for that of the jury, but must find that "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶18} Melton reasserts the same arguments that he asserted in support of his sufficiency argument. He argues he could not have known what he was doing. As we stated above, voluntary intoxication is not a defense to the mental state requirement of an offense.

{¶19} Melton also contends that he never intended to kick the officer. He claims that the kick was in response to Officer Schwab pepper spraying him. Although Melton testified that he was peppered sprayed, he acknowledged the video did not show he was pepper sprayed; he contended the officer did it secretly so it would not show on the tape. Whether the officer so acted, was within the province of the jury to determine by comparing the testimony of the witnesses and the evidence on the videotape. We cannot say viewing the evidence that the jury lost its way or committed a manifest injustice in concluding Melton intended on kicking the officer.

{¶20} Melton also claims he was not struggling with the officers, but merely cussing while he was being arrested. However, as we discussed above, the officers testified that Melton struggled and resisted being handcuffed. The videotape also indicates a scuffle was occurring on the ground. Accordingly, Melton's first and second assigned errors are overruled.

## Ineffective Assistance of Counsel

{¶21} In his third assigned error, Melton contends counsel was ineffective. To establish a claim for ineffective assistance of counsel, Melton must show that his

counsel's performance was deficient and that deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 423 Ohio St.3d 136, 538 N.E.2d 373 (1989), certiorari denied, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990). However, under *Strickland,* our scrutiny of an attorney's work must be highly deferential, and we must indulge "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 688.

**{¶22}** Melton argues his counsel was ineffective because he failed to request a jury instruction of disorderly conduct, which is a lesser included offense of assault on a peace officer. The decision to request a jury instruction for a lesser included offense constitutes trial strategy and does not provide a basis for claiming ineffective assistance of counsel. *State v. Griffie*, 74 Ohio St.3d 332, 333, 1996-Ohio-71, 658 N.E.2d 764; *State v. Murphy*, 8th Dist. No. 95705, 2012-Ohio-1186; *State v. Caldwell*, 8th Dist. No. 80556, 2002-Ohio-4911. Therefore, we decline to find counsel was ineffective for failing to request such an instruction.

**{¶23}** Melton also argues that counsel was ineffective for not requesting that the court renew the subpoenas that Melton had previously requested. There is nothing in the record indicating that subpoenas were issued. However, Melton testified at trial he stated that he wanted the EMS workers and bus driver to be issued a subpoena. In any event, even if counsel was ineffective for failing to request the subpoenas, the failure to do so was not prejudicial. The bus driver left the scene as soon as the officers removed Melton from the bus, and the EMS workers arrived on the scene after the altercation. Therefore,

these witnesses would not have provided key evidence regarding the charges for assault or resisting arrest as they did not witness the altercation or arrest. Accordingly, Melton's third assigned error is overruled.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

JAMES J. SWEENEY, J., and
LARRY A. JONES, SR., J., CONCUR