[Cite as *State v. Hendricks*, 2012-Ohio-1924.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                                   :        Case No. 11CA3253
                                                 :
    Plaintiff-Appellee,                          :
                                                 :        <u>DECISION AND</u>
    v.                                           :        <u>JUDGMENT ENTRY</u>
                                                 :
JUSTIN K. HENDRICKS,                             :
                                                 :        **RELEASED 04/30/12**
    Defendant-Appellant.                         :
_____

APPEARANCES:

Jonathan D. Schmidt, Benson & Schmidt, LLP, Chillicothe, Ohio, for appellant.

Matthew S. Schmidt, Ross County Prosecutor, and Richard W. Clagg, Ross County Assistant Prosecutor, Chillicothe, Ohio, for appellee.
_____
Harsha, J.

{¶1}    Justin Hendricks appeals his conviction for felonious assault, which resulted from an incident where Hendricks punched a girl in the face, breaking her jaw. Hendricks contends that the trial court erred when it refused on hearsay grounds to let him impeach the victim with her prior inconsistent statements. Although we agree that the trial court erred in sustaining the prosecution's objection on hearsay grounds, the record gives no indication that the victim's trial testimony was inconsistent with the prior statement Hendricks wanted to use for impeachment. Therefore, the prior statement was not admissible for impeachment purposes and we reject this argument.

{¶2}    Hendricks also argues that the trial court erred by not instructing the jury on aggravated assault, an inferior degree of felonious assault. Because Hendricks did not request an aggravated assault instruction or object after the court sua sponte raised the issue and decided against giving the instruction, he has forfeited all but plain error.

Here, Hendricks failed to rebut the presumption that trial counsel made a strategic decision not to seek the instruction in hopes of obtaining an acquittal on felonious assault and at worst having Hendricks convicted of the lesser included offense of simple assault. A defendant may not rely on the plain error rule to evade the consequences of his own trial strategy. Accordingly, we reject Hendricks' argument and affirm the trial court's judgment.

## I. Facts

{¶3} After the Ross County grand jury indicted Hendricks on one count of felonious assault of a 15 year old girl, Hendricks pleaded not guilty to the charge. The matter proceeded to a jury trial, which produced the following evidence.

{¶4} The victim, C.R., testified that one afternoon her friend S.L.'s grandma dropped the two girls off at a McDonald's. There they met S.L.'s friend Whitney. Initially, C.R. testified that she and S.L. walked to a person named Danny's house. But subsequently she testified that Whitney dropped the girls off at the house. Once there, C.R. and S.L. hung out and drank alcohol with Hendricks and Danny. Eventually the men left, and the girls fell asleep. Later the men came back and woke them up. Then the foursome started "just messing around, and then [the men] took it a little bit too serious, [Hendricks] pushed [S.L.]." C.R. told Hendricks not to put his hands on S.L., and Hendricks punched C.R. in the face with a closed fist, breaking her jaw. C.R. testified that after the punch, S.L. put her hands on Hendricks in some manner. Then the girls walked to a gas station to call an ambulance. On cross-examination, C.R. testified that she did not remember telling police that S.L.'s grandma dropped the girls off at Danny's house. C.R. did admit that the girls were not supposed to be at the

house.  C.R. also acknowledged that her memory of the evening was a little blurry because of the alcohol she drank.

{¶5}    S.L., also age 15, testified that her grandma took her and C.R. to a McDonald's where they met Whitney.  After Whitney left the restaurant, the girls walked to the house where Hendricks and Danny lived.  Once there, the girls sat around with the men.  The group eventually went out to get alcohol and came back to the house to drink it.  S.L. acknowledged that she became intoxicated.  Hendricks and Danny left while the girls went to sleep.  When the men came back, Hendricks pulled the mattress out from underneath the girls.  C.R. stood up and started to yell.  S.L. stood up and Hendricks pushed her.  After C.R. started to yell and curse at Hendricks, he punched her in the jaw with a closed fist.  Then S.L. choked Hendricks.  S.L. claimed that C.R. never hit or pushed Hendricks.  The girls went to a Speedway to call an ambulance and police.

{¶6}    Officer Tad Franklin of the Chillicothe Police Department testified that he responded to a call from a Speedway regarding a possible injury.  When he arrived, he saw C.R. and S.L. and observed that C.R. had an obvious injury to her right jaw. Franklin testified that neither girl appeared intoxicated.  On cross-examination, Franklin testified that the girls gave him the following order of events:  Hendricks shoved the victim, S.L. choked Hendricks, the victim shoved Hendricks, and Hendricks punched the victim.  On redirect examination, Hendricks testified that both girls "stated that they were joking around with Mr. Hendricks and that's when he took it the wrong way and became angry and called them names and either [the victim] or [S.L.] shoved him * * *." Subsequently Franklin testified that only S.L. gave him that information.

**{¶7}** The trial court instructed the jury on felonious assault and the lesser

included offense of assault.  The jury returned a verdict for felonious assault and this

appeal followed.

## II.  Assignments of Error

**{¶8}** Hendricks assigns two errors for our review:

I.      The trial court erred in prohibiting cross examination of a witness
        regarding prior inconsistent statements she herself made.

II.     The trial court erred by failing to instruct the jury on aggravated
        assault.

## III.  Admissibility of Prior "Inconsistent" Statements

**{¶9}** In his first assignment of error, Hendricks contends that the trial court

incorrectly relied on hearsay as a basis for preventing him from impeaching the victim

with her prior inconsistent statements.  Generally an appellate court will not disturb a

trial court's ruling on the admissibility of evidence absent an abuse of discretion.  *State*

*v. Blevins*, 4th Dist. No. 10CA3353, 2011-Ohio-3367, ¶ 31.

**{¶10}** Evid.R. 801(C) defines hearsay as "a statement, other than one made by

the declarant while testifying at the trial or hearing, offered in evidence to prove the truth

of the matter asserted."  Hendricks contends that the court erred when it excluded

C.R.'s prior "inconsistent" statements because they were not offered to prove the truth

of the matter asserted; rather they were offered to impeach her credibility under Evid.R.

613 "by simply demonstrating for the jury that she made different statements at different

times."  (Appellant's Br. 9).  Hendricks claims the court's error appears in the following

portion of the trial transcript:

> [DEFENSE]:  AND IF I'M NOT MISTAKEN, [S.L.'S] GRANDMA
> THOUGHT THAT YOU AND [S.L.] WERE GOING TO BE SPENDING

THE EVENING WITH WHITNEY, DIDN'T SHE?

[PROSECUTION]:  OBJECTION YOUR HONOR.

* * *

THE COURT:  LET'S APPROACH.

BENCH CONFERENCE WITH COUSEL [sic]

THE COURT:  BASIS?

[PROSECUTION]:  NOT SURE I SEE THE RELEVANCE OF WHAT [S.L.'S] GRANDMOTHER THOUGHT.  WE ALREADY KNEW WHAT THESE KIDS WERE DOING.  IT DOESN'T GO TO ANY AFFIRMATIVE DEFENSE OR TOWARD THE ACT.

[DEFENSE]:  AS I UNDERSTAND IT BOTH [THE VICTIM] AND [S.L.], THEY GAVE TWO (2) COMPLETELY STORY TO THE POLICE WHEN THEY FIRST HAD CONTACT WITH THE POLICE AS TO HOW THEY GOT TO THESE BOYS' HOUSE TO BEGIN WITH.  THEY TOLD THE POLICE THAT [S.L.'S] GRANDMA DROPPED THEM OFF AT THE HOUSE.  [S.L.'S] GRANDMA DIDN'T DROP THEM OFF AT THE HOUSE, SHE DROPPED THEM OFF AT MCDONALD'S.

(INAUDIBLE CONVERSATION)

THE COURT:  (INAUDIBLE)  THE ANSWER YOU COULDN'T HEAR, I THOUGHT SHE SAID THAT.  I DON'T KNOW.

[DEFENSE]:  I HEARD HER SAY THEY WALKED, THAT WAS PART OF WHAT THE JURY WASN'T ABLE TO HEAR.  MY POINT IS SHE SAID ONE THING TO THE POLICE, (INAUDIBLE) GOES TOWARD CREDIBILITY.

THE COURT:  YOU CAN ASK HER, BUT I'M NOT SURE YOU'RE GOING GET EXTRINSIC EVIDENCE INTO THAT FACT, SO I'LL LET YOU ASK THE QUESTION.

[PROSECUTION]:  THE QUESTION HERE IS STILL GETS INTO THE GRANDMOTHER'S STATE OF MIND.  THAT DOESN'T HAVE ANYTHING TO DO WITH THEIR STATEMENTS.

THE COURT:  IT DOESN'T.  WHAT THE GRANDMOTHER THOUGHT CORRECT.  THAT QUESTION IS IMPERMISSIBLE WAS TO WHAT----

[DEFENSE]:  I CAN RE-ASK THAT.

BENCH CONFERENCE CONCLUDED.

THE COURT:  I'LL SUSTAIN THE OBJECTION

[DEFENSE]:  WHEN YOU AND YOUR FRIEND [S.L.] GOT DROPPED OFF AT MCDONALD'S, DID YOU TELL [S.L.'S] GRANDMA THAT YOU WERE GOING TO BE SPENDING THE NIGHT WITH WHITNEY?

[PROSECUTION]:  OBJECTION

THE COURT:  SUSTAINED.

[DEFENSE]:  APPROACH

THE COURT:  SURE[.]

BENCH CONFERENCE WITH COUNSEL:

[DEFENSE]:  I'M NOT SURE I UNDERSTAND.

THE COURT:  IT'S A STATEMENT MADE OUT OF COURT NOT OF CROSS EXAMINATION, IT'S HEARSAY.

[DEFENSE]:  I'M ASKING HER----

THE COURT:  THERE'S NO EXCEPTION TO HEARSAY RULE FOR THE WITNESS SAID.

[DEFENSE]:  OKAY.

BENCH CONFERENCE CONCLUDED.

{¶11}  It does not appear that Hendricks appeals the trial court's ruling on the first objection to the question about who S.L.'s grandma thought the girls were spending the evening with because the court did not sustain that objection "on hearsay grounds." (Appellant's Br. 9).  In response to the prosecutor's objection, defense counsel argued that the victim made prior inconsistent statements about how the girls got to the house. But defense counsel did not ask the victim about her own statements on how she got to

the house. Rather, defense counsel initially asked the victim about S.L.'s grandma's state of mind. This is a matter that required speculation. C.R. did not have personal knowledge of this matter as Evid.R. 602 requires, so the question was clearly objectionable. And in response to the prosecution's argument, defense counsel indicated that he would rephrase the question. And in fact the second question, which is the real focus of this assignment of error, did ask C.R. about a prior statement she purportedly made. Defense counsel asked the victim if she told S.L.'s grandma that the girls were spending the night with Whitney. The prosecutor objected, and the court sustained the objection on hearsay grounds.

**{¶12}** We agree that the court erred when it sustained the objection on hearsay grounds. Hendricks contends that he did not seek admission of the statement to prove the truth matter of the asserted, but rather to prove that the victim made the statement and it was inconsistent with other statements she made. "If the relevance of an out-of-court statement is that the statement was made, rather than the truth of the assertion contained in the statement, the statement is not hearsay." 2 Giannelli, Giannelli Evidence, Section 801.7 (3d. Ed.2010). *See State v. Williams*, 38 Ohio St.3d 346, 348, 528 N.E.2d 910 (1988) ("A statement is not hearsay if it is admitted to prove that the declarant made it, rather than to prove the truth of its contents."). *See also State v. Bittner*, 12th Dist. No. CA2001-01-009, 2002 WL 4493 (Dec. 31, 2001) (holding out of court statements admissible where not offered to prove the truth of the matters asserted but offered for another purpose, i.e., their consistency implied that the declarants planned, prior to police arrival, to conceal what really happened).

**{¶13}** At trial, defense counsel did not take the position that C.R. never saw

Hendricks the evening in question but instead argued that the altercation did not occur as the girls testified it did.  Therefore, defense counsel clearly was not asking C.R. whether she told S.L.'s grandma that the girls were going to be spending the night with Whitney to prove the girls in fact spent the night with Whitney.  Defense counsel asked about the statement to prove C.R. made it.  Because defense counsel did not try to offer the statement to prove the truth of the matter asserted, the trial court erred in sustaining the objection on hearsay grounds.

{¶14}  But because there is no evidence of an inconsistency between C.R.'s trial testimony and her alleged prior statement to S.L.'s grandma, impeachment by self-contradiction under Evid.R. 613 was not available to Hendricks.  The underlying rationale of Evid R. 613 is self-contradiction.  It generally involves the use of the witness's own statement to contradict her present testimony.  Without evidence of an inconsistency, or contradiction, the prior statement is properly excluded.  See *Giannelli Evidence* at Section 613.4, citing *State v. Mack*, 73 Ohio St.3d 502, 514, 653 N.E.2d 329 (1995).  Here, when defense counsel asked the question C.R. had not given any testimony about statements either of the girls had given to S.L.'s grandma.  Obviously, without some testimony on that area, there could be no inconsistency with a prior statement.  The inconsistent statements defense counsel previously mentioned were the victim's statements about *how* she got to the house.  Defense counsel never pointed to any trial testimony concerning what C.R. told S.L.'s grandma about the girls' plans that evening.  That's because nothing in the record suggests the victim gave any testimony on this issue at this point in the proceedings.  Therefore, even though the trial court erred when it sustained the objection on hearsay grounds, the court did not

erroneously prohibit Hendricks from cross-examining the victim regarding prior inconsistent statements under Evid.R. 613.

{¶15}  Hendricks could have argued that defense counsel's question was permissible under Evid.R. 608.  The rule provides that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, * * * may not be proved by extrinsic evidence.  They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness * * *."  Evid.R. 608(B).  Defense counsel might have asked C.R. about her statement to the grandma in an effort to show that C.R. was a liar because she lied to S.L.'s grandma about the girls' plans.  However, Hendricks did not raise this argument at the trial level or on appeal.  Moreover, the trial transcript indicates that C.R. later testified that the girls were not supposed to be at the house that evening. The jury could infer from this testimony that C.R. lied to someone about her plans.

{¶16}  Moreover, we note that defense counsel did eventually ask the victim, without objection, about what she told police as to how the girls got to the house.  C.R. testified that she did not remember telling police that S.L.'s grandma dropped the girls off there.  She acknowledged that her memory of the evening was a little blurry due to the alcohol she drank.  The jury could certainly use this information to evaluate the victim's credibility, along with the fact that during trial she gave two different accounts of how the girls got the house – first testifying that the girls walked and later claiming that Whitney dropped them off.  Therefore, we overrule the first assignment of error.

IV.  Jury Instruction on Aggravated Assault

**{¶17}** In his second assignment of error, Hendricks contends that the trial court erred when it decided not to instruct the jury on aggravated assault as a "lesser included offense" of felonious assault. Generally, we use a de novo review to determine whether the court's jury instructions charge on all relevant questions of the law that the evidence supports. *State v. Brown*, 4th Dist. No. 09CA3, 2009-Ohio-5390, ¶ 34. The actual wording and format of the instructions are within the trial court's discretion. *Id.*

**{¶18}** However, the State contends that Hendricks failed to raise his argument at the trial level and has forfeited all but plain error. We agree. Hendricks did not file proposed jury instructions with the court. Although Hendricks claims that "[i]t is easily derived from the transcript that the defense [requested] a jury instruction on aggravated assault" the record gives no indication that Hendricks made such a request. Instead, it appears from the trial transcript that the court raised the possibility of an aggravated assault instruction sua sponte.

**{¶19}** Hendricks points to this Court's statement in *Buskirk v. Harrell*, 4th Dist. No. 99CA31, 2000 WL 943782, *8 (June 28, 2000) that "[g]enerally, errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal." Hendricks claims that the fact that the trial court explained why it did not believe an aggravated assault instruction was warranted indicates that "the trial court's attention was given to the issue of an aggravated assault instruction," so he did not have to object to preserve his argument for appeal. (Appellant's Br. 11). This argument ignores the plain language in *Buskirk* that the error complained of on appeal must be brought to the trial court's attention. Because Hendricks failed to alert the trial court to any error in its

decision to not give an aggravated assault instruction, he has forfeited all but plain error.

**{¶20}** "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). "A silent defendant has the burden to satisfy the plain-error rule[,] and a reviewing court may consult the whole record when considering the effect of any error on substantial rights." *State v. Davis*, 4th Dist. No. 06CA21, 2007-Ohio-3944, ¶ 22, citing *United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). For a reviewing court to find plain error: 1.) there must be an error, i.e., "a deviation from a legal rule"; 2.) the error must be plain, i.e., "an 'obvious' defect in the trial proceedings"; and 3.) the error must have affected "substantial rights," i.e., it must have affected the outcome of the proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Furthermore, the Supreme Court of Ohio has admonished courts that notice of plain error under Crim.R. 52(B) is to be taken "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Id.*, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

**{¶21}** R.C. 2903.12, the aggravated assault statute, provides:

(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:

(1) Cause serious physical harm to another * * *.

"Aggravated assault is not a lesser-included offense of the offense of felonious assault." *State v. Searles*, 8th Dist. No. 96549, 2011-Ohio-6275, ¶ 18. "Instead, aggravated assault is an inferior degree of felonious assault because its elements are identical to or contained within the offense of felonious assault, coupled with the additional presence

of one or both mitigating circumstances of sudden passion or a sudden fit of rage brought on by serious provocation occasioned by the victim." *Id. "*In other words, aggravated assault is the same conduct as felonious assault but its nature and penalty are mitigated by provocation." *State v. Parnell*, 10th Dist. 11AP-257, 2011-Ohio-6564, ¶ 20.

**{¶22}** Even if we assume, without deciding, that Hendricks qualified for an aggravated assault instruction, we cannot find plain error in the court's failure to instruct the jury on this offense. In a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation, the trial court has a duty to instruct the jury on aggravated assault. *See State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph four of the syllabus. However, the defendant retains the right to waive such an instruction and seek acquittal on the charged offense rather than invite conviction on an inferior degree of the charged offense. *See by way of analogy State v. Clayton*, 62 Ohio St.2d 45, 47, 402 N.E.2d 1189 (1980), fn. 2 (explaining that while the trial court has a duty to instruct the jury on a lesser included offense when appropriate, the defendant retains the right to waive the instruction). Thus, Hendricks could make the tactical decision not to request an instruction on aggravated assault.

**{¶23}** A failure to request a jury instruction on an inferior degree of an offense is presumed to be a matter of trial strategy. *State v. Walker*, 4th Dist. No. 99CA2494, 2000 WL 875954, *4 (June 26, 2000). A defendant may not rely on the plain error rule to evade the consequences of his own trial strategy. *State v. Noggle*, 140 Ohio App.3d 733, 745, 749 N.E.2d 309 (3rd Dist. 2000) ("[P]lain error cannot be used to negate a deliberate, tactical decision by trial counsel."). *See by way of analogy State v. Claytor*,

61 Ohio St.3d 234, 240, 574 N.E.2d 472 (1991) ("What appears to have been a tactical decision in this case during the trial [to not to try the case on the theory of or request an instruction on a lesser included offense] cannot now be converted into judicial error.").

**{¶24}** Hendricks has not rebutted the presumption of trial strategy. As we explained above, the record gives no indication trial counsel sought an aggravated assault instruction. And the fact that counsel remained silent when the court sua sponte raised the issue and decided not to give the instruction only bolsters the presumption that counsel made a strategic decision to not pursue the instruction. Hendricks cannot complain that the trial court committed plain error where counsel apparently was seeking an acquittal on felonious assault (a second-degree felony) and at worst a conviction for simple assault (a first-degree misdemeanor), rather than inviting a conviction on aggravated assault (a fourth-degree felony). R.C. 2903.11(D)(1)(a); R.C. 2903.13(C); R.C. 2903.12(B).

**{¶25}** Accordingly, we find no error in the trial court's failure to instruct the jury on aggravated assault. In the absence of error, a plain error argument becomes meritless. We overrule the second assignment of error.

V. Conclusion

**{¶26}** We overrule both of Hendricks' assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Abele, P.J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment and Opinion as to Assignment of Error II;
          Concurs in Judgment Only as to Assignment of Error I.


                              For the Court



                              BY: _____
                                  William H. Harsha, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**